Singer v. Taylor.

No 18,304.

SALLIE C. SINGER, *Appellant,* v. J. LUTHER TAYLOR et al., as Individuals and as Executors, etc., *Appellees.*

SYLLABUS BY THE COURT.

1. COSTS—*Equitable Apportionment.* In an action other than for the recovery of money only or for the recovery of specific real or personal property the court, in its discretion, may tax costs and apportion the same between the parties as, in its discretion, it may think right and equitable.

2. SAME—*Construction of Will—Allowance of Attorneys' Fees to Both Parties.* Where there is ambiguity in the provisions of a will and a real controversy as to its construction it is competent for the court to allow reasonable attorneys' fees out of the estate to the defeated as well as the successful party.

Singer v. Taylor.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion on motion to allow costs and attorneys' fees filed January 10, 1914. Motion allowed. (For original opinion, see 90 Kan. 285, 133 Pac. 841.)

*F. B. Wheeler, C. S. Denison, O. T. Boaz, L. W. Johnson,* all of Pittsburg, and *G. L. Dunn,* of Topeka, for the appellant; *R. W. Blair, B. W. Scandrett,* and *C. A. Magaw,* all of Topeka, of counsel.

*Nelson Case,* of Oswego, *John J. Campbell,* of Pittsburg, and *B. S. Gaitskill,* of Girard, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This motion involves the question of whether costs and attorneys' fees shall be allowed to the unsuccessful party out of the estate of the testator. In this case the will of Joseph I. Taylor, which disposed of a large estate, was held to be valid and one of its provisions was construed. A daughter, Sallie C. Singer, contested the validity of the will on the ground that it was the result of undue influence. She also alleged that a certain provision in it was ineffectual to transfer a large part of the estate and, at least, that part of the property must be divided according to the laws of descents and distributions. In defendants' answer they denied the averments that undue influence had been exercised upon the testator, and then asked for an interpretation of the will and a determination that it disposed of the entire estate of the testator. On these issues a trial was had and the contentions of the defendants were sustained. (*Singer v. Taylor,* 90 Kan. 285, 133 Pac. 841.)

The greater part of the testimony in the case related to the contest of the will, but there was a substantial controversy between the parties as to the interpretation of one of its important provisions and in both

courts serious consideration was given to this .controversy. As the action is. not one for the recovery of money only or specific real and personal property costs are not allowed as of course to the prevailing party, but the court may assess the costs as, in its discretion, it may think right and equitable. (Civ. Code, §§ 613, 615.) An equitable proceeding for the construction of a will is peculiarly a case that appeals to the discretion of a court, and where there is an ambiguity in the will and a real question of interpretation the court is justified in not only assessing the costs of the litigation against the estate but also in allowing reasonable attorneys' fees payable out of the estate to the defeated as well as the successful party. (*Moore v. Alden*, 80 Maine, 301, 14 Atl. 199, 6 Am. St. Rep. 203; . *Clapp v. Fullerton*, 34 N. Y. 190; *Missionary Society et al. v. Mead et al.*, 131 Ill. 338, 23 N. E. 603; *Ingraham v. Ingraham*, 169 Ill. 432, 48 N. E. 561, 49 N. E. 320; 40 Cyc. 1868; Page on Wills, § 813.)

Here the estate was large, it being estimated at a quarter of a million dollars, and the daughter, who was defeated, was only given outright $500 and to that was added the income to be derived from $10,000. All the remainder of the estate was given to her brother. We can not say that the application to the court to construe the will, in which both parties joined, was not made in good faith, and therefore it is a case in which the court may justly exercise its discretion in awarding costs and also in the allowance of attorneys' fees out of the estate. The parties may be able to agree as to the amount of attorneys' fees to be allowed to the plaintiff, but in the event that they are not the district court may determine as to the extent of the work done by attorneys in the branch of the case relating to the construction of the will and the value of the services rendered in the district court as well as in

Railroad Co. v. Bilby.

the supreme court and make an allowance for attorneys' fees payable out of the estate. All of the costs in the supreme court will be taxed against the estate.