No. 19,087.

LOYAL M. MARTIN, *Appellant,* v. LOYAL J. MARTIN, as Executor, etc., *Appellee.*

SYLLABUS BY THE COURT.

1. DESCENTS AND DISTRIBUTIONS—*Laws of Kansas Govern.* The laws of Kansas determine the descent and distribution of real estate situated in this state.

2. WILLS—*No·Ambiguity—Construction Not Necessary.* When there is no ambiguity or uncertainty in the language used in the making of a will, a construction of the will is unnecessary, and it will be enforced in accordance with the provisions thereof.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed January 9, 1915. Affirmed.

*G. A. Chappell,* of Newkirk, Okla., for the appellant.

*Loyal J. Martin,* of Tulsa, Okla., for the appellee; *J. A. Ferrell,* of Sedan, of counsel.

The opinion of the court was delivered by

SMITH, J.: One D. D. Martin, of Newkirk, Okla., on October 12, 1909, executed his will at that place and it was duly attested by subscribing witnesses. He died February 5, 1911.

The will, omitting the certification, reads as follows:

"NEWKIRK, OKLA., Oct. 12th, 1909.

I, David D. Martin, of the City of Newkirk, County of Kay, State of Oklahoma, do hereby make, publish and declare this my last will and testament in the manner and form following:

"*First:* I direct that all my just debts and funeral expenses be paid as soon after my decease as conveniently can be done.

"*Second:* I give, devise and bequeath unto my wife, Caroline H. Martin, should she survive me, a one-third (⅓) part of all property, both real and personal, of which I may die possessed.

"*Third:* All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situate, of which I may die seized or possess, or to which I may be entitled at the time of my decease, I give, devise and bequeath unto my three children, Watson J. S. Martin, of Chicago, Illinois; Evaline B. Rouse, of Newkirk, Oklahoma, and Loyal J. Martin, of Tulsa, Oklahoma, share and share alike, and should my wife, Caroline H. Martin, die before me, then all of the property of which I may die seized or possessed, both real and personal, to be divided equally between my three living children, Watson J. S. Martin, Evaline B. Rouse and Loyal J. Martin, share and share alike, and should any of my said three children die before me, the share which they would receive under this will to go to the lawful issue of said child or children so dying.

"*Fifth:* I name, constitute and appoint my son, Loyal J. Martin, of Tulsa, Oklahoma, executor of this my last will and testament.

"IN WITNESS WHEREOF, I have hereunto subscribed my name and affixed my seal, at Newkirk, Kay County, Oklahoma, in the presence of J. F. King and W. S. Cline, whom I have requested to become attesting witness thereto.                    D. D. MARTIN."

George Martin, the father of the appellant and son of the testator, died in March preceding the making of the will, and it will be observed that neither George Martin nor the appellant were mentioned in the will, but that all of the property of the testator was devised to the wife and other children of the testator by the terms of the will.

On March 25, 1911, a hearing was had in the probate court of Kay county, Oklahoma, on the petition of Loyal J. Martin to have the will admitted to probate, to which the appellant, Loyal M. Martin, had filed objections. At the hearing, however, the appellant made no appearance. The order of the court was as follows:

"That the instrument propounded herein for probate was duly executed by the decedent, and that at the time of the execution thereof said testator was of full age and of sound mind and memory and was not acting under duress, menace, fraud or undue influence,

and that said will was executed in all particulars as required by law.

"And the said Loyal M. Martin not having offered any evidence in support of his objections filed herein. . . . It is by the court ordered that said objections . . . by Loyal M. Martin be, and the same are hereby overruled, except as to those matters contained therein which were by stipulations filed herein . . . agreed by the parties herein to be true."

It was further ordered that the will be admitted to probate, and that the same is established as a valid will, passing both real and personal estate, in such manner as may be hereafter defined by the court's decree of distribution. It was also ordered that Loyal J. Martin, named as executor in the will, be appointed executor by the court. An order was made for bond, which was given.

It appears that a petition of appellant in the probate court of Kay county, Oklahoma, for distribution of the estate, and that it be adjudged that he was entitled to one-sixth thereof, was denied by that court. The case was then taken to the district court of Kay county, wherein the following findings were made on January 9, 1913:

"The court after being fully advised in the premises, and the evidence having been heretofore introduced in this case, finds that D. D. Martin departed this life on the 5th day of February, 1911; that George Martin was a son of D. D. Martin and departed this life on the 23d day of March, 1909, leaving Loyal M. Martin as his only issue and as such is a grandchild of D. D. Martin, deceased, and entitled to one-sixth of the estate of D. D. Martin, deceased, as under the law of the State of Oklahoma.

"The court further finds that D. D. Martin, deceased, in making his will, did not mention the petitioner, Loyal M. Martin, in said will, and the court further finds as a fact from the evidence in this case that he unintentionally omitted him, and the court further finds under the law and evidence in this case that the petitioner, Loyal M. Martin, is entitled to one-sixth of the estate of D. D. Martin, deceased."

Martin v. Martin.

The appellant was adjudged and decreed to be entitled to one-sixth of the estate of D. D. Martin, deceased. The decision was based upon the following statute of Oklahoma:

"When any testator omits to provide in his will for any of his children or for the issue of any deceased child unless it appears that such omission was intentional, such child, or the issue of such child, must have the same share in the estate of the testator, as if he had died intestate, and succeeds thereto as provided in the preceding paragraph." (Compiled Laws of Oklahoma, 1909, § 8921.)

Thereafter the executor of the will filed a petition for the probating thereof as a foreign will in the probate court of Chautauqua county, Kansas. The deceased at his death left real estate in Kay county, Oklahoma, and also two hundred and forty acres in Chautauqua county, Kansas. The will was admitted to probate in Chautauqua county, and the appellant filed his petition therein to share in the distribution of the estate in Kansas. The facts were stipulated as follows: D. D. Martin departed this life on the 5th day of February, 1911; that his son, George Martin, departed this life on the 23d day of March, 1909, leaving Loyal M. Martin as his only child, and that the deceased, D. D. Martin, both at the time of making and publishing his will and at the time of his death, was domiciled in the county of Kay and state of Oklahoma.

On the hearing of the petition, it was denied by the probate court of Chautauqua county. An appeal was then taken to the district court of that county, where the petition was also denied, and the case is brought here for review.

It is contended by appellant that the will has been construed by a court of competent jurisdiction and judgment awarded thereon in Oklahoma, which state was the domicile of the testator at the time of his death and when the will was made; that the courts of this state should adopt and follow such construction.

The language of the will is not ambiguous, but is plain, and no construction thereof is necessary. The only question for consideration here is whether the district court should have determined the case in accordance with the law of the domicile of the testator or by the law of Kansas.

In the recent case of *McLean v. McLean,* 92 Kan. 326, 140 Pac. 847, it was said:

"The rights of the parties depend, first, on whether the laws of Kansas or of Kentucky or Oklahoma are to be applied. It is believed to be a universal rule that the descent of real property is governed by the law of the state or nation within which it is situated. (14 Cyc. 21.)

"In accordance with the general rule, we hold that the law of Kansas determines the descent of the property in dispute and that it is entirely immaterial what the law of Kentucky or Oklahoma may be." (p. 328.)

It was also said in the same case:

"Upon the death of the owner, the descent of his real property situated in this state is governed solely by chapter 33 of the General Statutes of 1909." (Syl. ¶ 1.)

In chapter 33 of the General Statutes of 1909 (§§ 2935-2967), the provisions seem to refer to the distribution of property where no will of the deceased has been probated. The right, however, of disposing of property by will is, of course, fully recognized in this state, as provided in section 9776 of the General Statutes of 1909.

There is no law in this state for the emendation or correction of a will, as there is in Oklahoma, upon which the decision of the district court of Kay county, Oklahoma, was based. No contest of the will was instituted, and the effect of the judgment is that the land in this state descends to the beneficiaries named therein. We find no error in the decision of the district court, and the judgment is affirmed.