Dye v. Parker.

No. 22,924.

GEORGE C. DYE, *Appellant,* V. LERA A. PARKER et al., *Appellees.*

SYLLABUS BY THE COURT.

WILL—*A Court Has No Power to Reform a Will.* A court has no power to reform a will, or to give relief substantially of that character, by reason of its omitting a devise which the testator was fraudulently induced to believe it contained, the person taking title to the property in consequence of the omission not having been a party to the fraud.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed January 8, 1921. Affirmed.

*T. H. Stanford,* of Independence, for the appellant; *A. M. Etchen,* of Coffeyville, of counsel.

*S. H. Piper,* of Independence, for the appellees.

The opinion of the court was delivered by

MASON, J.: This action is in effect one for the reformation of a will to conform to the intention of the testator. The district court sustained a demurrer to the petition, and the appeal is taken from that ruling.

The facts as stated in the petition may be thus summarized: The will in question is that of Hattie M. Dye, and was executed January 11, 1919. She died January 28, 1919, and the will was admitted to probate. As it is written it disposes of but a portion of her property, giving it to her granddaughter Faye Parker, the rest of it going to Lera A. Parker under the statute of descents and distributions. The testator directed Emil H. Koehl, who drew the will, to insert a clause devising certain real estate to the plaintiff, George C. Dye, but he purposely omitted it, although pretending to her that it was included, reading the instrument to her as though such were the case, and inducing her to sign it in that belief. Koehl did this fraudulently and in collusion with Charles H. Parker, the husband of Lera A. Parker, who as the testator's heir at law, inherited all of the estate not disposed of by the will, including the realty referred to.

The Parkers and Koehl were made defendants. The relief

Dye v. Parker.

asked is that the will be corrected so as to include the omitted devise, so that the action is substantially one for its reformation. It is too well settled to require extended discussion that a court of equity has no power to reform a will. (See *Holmes v. Campbell College,* 87 Kan. 597, 125 Pac. 25, and authorities there cited; 23 R. C. L. 318-320.) One reason usually assigned which seems to be sufficient is that such an action is in the nature of one for specific performance and requires a consideration for its support—an element lacking in the relations of a testator and beneficiary. Of course where a will is made in pursuance of a contract the rule would not apply, but that is not here alleged. Upon the same ground courts almost uniformly refuse to reform a voluntary conveyance at the suit of the grantee. (23 R. C. L. 344; 2 Story's Equity Jurisprudence, 14th ed., § 982.)

If the petition had alleged that the person who profited by the deceit practiced upon the testator had been a party to its perpetration, a remedy could doubtless be provided by impressing a trust upon the property acquired through the fraud in the hands of the beneficiary. But the circumstance that the wife of one of the wrongdoers benefited by the imposition does not afford opportunity for relief of that character.

However much it may be regretted that the courts are unable to rectify such a wrong as that here pleaded it may well be believed that to allow the enforcement of provisions regarding the property of a testator that were never in fact reduced to writing and signed would go far to defeat the purpose of the legislature in making these conditions essential to the validity of a will.

The judgment is affirmed.

---

OPINION DENYING A REHEARING.
(Filed February 23, 1921.)

The petition in this case asked the reformation of a will by the insertion therein of a devise which the scrivener had fraudulently caused the testator to believe was a part of the instrument at the time it was executed. A demurrer to this pleading having been sustained, the ruling was affirmed upon

20—108 KAN.

the ground of a want of power in the courts to give such relief. In the opinion it was said in substance that if the person who acquired title to the land by virtue of the omission of the devise in question had been a party to the fraud, but not otherwise, a trust might be impressed upon the property for the benefit of the intended devisee. In a motion for a rehearing it is strongly urged that the present owner of the land (the testator's heir) should be decreed to hold it as trustee for the person defrauded.

In the motion expressions of courts are quoted to the effect that whenever, even without fraud, property is so acquired that it is against good conscience that it should be retained, equity raises a constructive trust which is not within the statutes, and which may be proved by parol. (See cases cited in *Gemmel v. Fletcher,* 76 Kan. 577, 92 Pac. 713; 39 Cyc. 169.) Of an expression of that character this court has lately said in a case involving the statute in relation to oral trusts—

"The statement may be found in opinions of the courts that trusts may be raised in equity with respect to property acquired without fraud, when it would be against equity that it should be retained. In that form the statement furnishes no rule for the decision of controversies. Going further, it is sometimes said that a constructive trust will arise whenever it would be inequitable for the person holding the legal title to retain the property. The statement is too broad, and if applied literally, would nullify the first and sixth sections of the trust statute. However inequitable and morally reprehensible it may be that property conveyed upon an express oral trust should be retained in violation of the agreement, a trust may not, under those circumstances, be engrafted upon a deed absolute in its terms, because if that were the rule, deeds would no longer be valuable as muniments of title. In the opinion of the legislature, it is better for the social order and general welfare that a few persons, who might not observe the statute, should suffer hardship, than that the security of all titles should be destroyed." (*Silvers v. Howard,* 106 Kan. 762, 768, 190 Pac. 1.)

The facts pleaded in the petition now under consideration make a strong appeal for the granting of relief if within the power of the court. And whenever it can be demonstrated that a testator intended to dispose of property in a particular way and was prevented from doing so by some fraud or mistake, or other influence for which he was not responsible, there is plausibility in the suggestion that upon the general principles of equity that which ought to have been done should be treated

Dye v. Parker.

as having actually been accomplished. But if such a practice were established the result would obviously be that the property of a testator would often be disposed of, not according to the directions which in fact he had given in his will, but according to such directions as the parties in interest would be able to show by oral evidence that he intended to give and believed he had given therein. Whatever term might be used to describe such procedure it would amount to the reformation of the will. The steadfast adherence to the rule requiring the purpose of a testator to be actually reduced to writing in order to be given effect may work a hardship in a particular instance, but the policy is one which legislatures and the courts have deemed to produce the best results in the long run.

If a person were to sign a will and then by force or fraud be prevented from having it witnessed, his intention would be clear and there would be ground for urging that substantial justice would be promoted by distributing his property in the way he had indicated. But such a course even if described as imposing a trust upon the property acquired by each devisee or legatee would be destructive of the statute prescribing the requisites of a valid will.

Where the owner of property is induced to refrain from making a particular testamentary disposition of it by the promise of the person who would otherwise receive it at his death, to carry out his wishes in the matter without a provision to that effect being inserted in the will, the performance of the agreement will in effect be enforced by impressing a trust upon the property in the hands of the promisor, upon the theory of his having obtained it by his own wrong amounting to a fraud. (39 Cyc. 177-8; 26 R. C. L. 1234, 1241-2; Notes: 8 L. R. A., n. s., 698; 31 L. R. A., n. s., 176; 33 L. R. A., n. s., 996.) Where the devise actually made is to two or more persons as joint tenants (using the phrase in its strict technical sense) the promise of one has been held to disable the others to take a beneficial ownership, on the theory of the unity of their title. (Note, 31 L. R. A., n. s., 178; 39 Cyc. 177-8.) Where the devise is to several persons as tenants in common the promise is held not to affect the rights of a devisee who was not a party to it. (*Id.*) In one instance a promise made by two of three devisees in behalf of all was held to bind the third (*Amherst*

*College v. Ritch,* 151 N. Y. 282), but the decision was later explained as not departing from the general rule making the distinction already noted with respect to joint tenants and tenants in common. (*Fairchild v. Edson,* 154 N. Y. 199, 221.)

The motion for a rehearing concludes with a request that, even if the petition in its present form be held not to state a cause of action, the district court be directed to permit new allegations to be added thereto by amendment. To avoid possible misapprehension we will say that there is nothing in the decision or opinion rendered by this court to prevent such amendment. (*Thresher Co. v. Nelson,* 106 Kan. 716, 189 Pac. 907; 4 C. J. 1225-6.)

The motion for a rehearing is overruled.