No. 23,006.

JESSIE L. HODGES, *Appellee*, v. E. V. LANYON, Trustee, etc., (et al.), *Appellant*.

SYLLABUS BY THE COURT.

1. WILL—*Interpretation of Words Used in Devise.* A will devised property to certain parties and then provided—

"In the event of the death of any of the beneficiaries named in this paragraph 14 of my will, then and in that event the portion of my estate arising from the properties described in this paragraph 14 to which such deceased beneficiary would be entitled, I will and bequeath and direct that it be paid to Mirza Temple, Ancient Arabic Order, Nobles of the Mystic Shrine, to be used by Mirza Temple for charitable purposes as the officers of said Temple may direct."

*Held*, that the words, "In the event of the death of any of the beneficiaries," mean the death of any of the devisees before the death of the testator.

2. SAME—*Dye v. Parker*, ante p. 304, 194 Pac. 640, followed.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed February 12, 1921. Affirmed.

*B. S. Gaitskill, George F. Beezley,* both of Girard, and *J. J. Campbell,* of Pittsburg, for the appellant.

*Hal Curran, John P. Curran, Elsie Clark,* all of Pittsburg, *Delbert J. Haff, Edwin C. Meservey, Charles W. German,* and *William C. Michaels,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action against E. V. Lanyon and J. J. Campbell, executors and trustees of the estate of J. N. Hodges, deceased, to procure the construction of his will and to recover certain amounts claimed to be due the plaintiff under the will. The action was dismissed as to J. J. Campbell; the will was construed, and judgment was rendered against E. V. Lanyon, trustee, directing him to pay to the plaintiff $973.16. E. V. Lanyon, trustee, appeals.

February 3, 1914, J. N. Hodges executed his will devising certain property to Jessie Hodges, Lou Hodges, and twelve other persons, share and share alike. The parts of the will material to the determination of the present controversy, are as follows:

"In the event of the death of any of the beneficiaries named in this paragraph 14 of my will, then and in that event the portion of my estate arising from the properties described in this paragraph 14 to which such deceased beneficiary would be entitled, I will and bequeath and direct that it be paid to Mirza Temple, Ancient Arabic Order, Nobles of the Mystic Shrine, to be used by Mirza Temple for charitable purposes as the officers of said Temple may direct.

.     .     .     .     .     .     .     .     .     .     .     .

"22. All of the rest, residue and remainder of my estate, either real, personal or mixed, I give, devise and bequeath to the parties named in paragraph 14 of this will and direct that such residue of my estate be by my executors hereinafter named, sold and converted into cash and distributed share and share alike between the said beneficiaries and parties named in said paragraph 14.

.     .     .     .     .     .     .     .     .     .     .     .

"24. I hereby nominate, constitute and appoint A. K. Lanyon, and E. V. Lanyon, executors of this my last will and testament without bond and it is my wish and I direct that my said executors collect all royalties due to my estate on the lands and leases described in paragraph 14 hereof

Hodges v. Lanyon.

and pay the profits arising therefrom to which my estate is entitled to the beneficiaries and parties named in said paragraph 14, semi-annually and for the purpose of working said leases and disposing of said lands, it is my wish and I direct that my executors herein named shall continue to act and keep my estate so far as the same relates to paragraph 14, and to the said lands and leases therein described, open and active until all of my interest in and to said lands and leases has been fully settled, disposed of and determined as in said paragraph 14 directed."

J. N. Hodges died November 30, 1915. The plaintiff was the daughter of Lou Hodges, who died June 8, 1917, and left a will in which she devised to the plaintiff all property which Lou Hodges acquired under paragraph 14 of the will of J. N. Hodges.

1. The solution of the present controversy turns on the construction of the expression, "In the event of the death of any of the beneficiaries." E. V. Lanyon argues that this language should be construed to mean that upon the death of any of the devisees, the property devised to that person shall go to Mirza Temple. This construction would in effect give to each of the fourteen devisees a life estate with remainder to Mirza Temple. An intention to give a life estate cannot be gathered from the will. Its language is entirely consistent with the entire estate in the property devised vesting in those named in paragraph 14, subject of course to the control of the executors, as set out in paragraph 24. Two other constructions of the language are possible. One is that in the event of the death of any of the beneficiaries before the death of the testator, the property devised to that beneficiary shall go to Mirza Temple. This is the construction contended for by the plaintiff. Another possible construction is that in the event of the death of any of the devisees before the estate has been fully administered, the property shall go to Mirza Temple.

A close examination of part of the paragraph containing the language under consideration, "In the event of the death of any of the beneficiaries named in this paragraph 14 of my will, then and in that event the portion of my estate arising from the properties described in this paragraph 14 to which such deceased beneficiary *would* be entitled" (italics ours), reveals that the testator contemplated that if any of the devisees died, such devisee would not receive any portion of the property described in paragraph 14. Such an intention is inconsistent

with the property vesting in any of the devisees for any period of time after the death of the testator, and then going to Mirza Temple. If the construction of the will contended for by E. V. Lanyon is correct, the devisees would be entitled to the property devised from the death of the testator until the death of the devisees. That construction is repugnant to the language of the will which shows that the testator contemplated that any devisee who died would never receive anything under the will. Paragraph 22, by which those named in paragraph 14 of the will are made residuary legatees, is consistent with the construction contended for by the plaintiff.

From the numerous authorities cited by each side bearing on the construction of the words, "In the event of the death of any of the beneficiaries," it may be gathered that their proper interpretation is that they mean the death of any devisee before the death of the testator. No good purpose will be served by citing those authorities, analyzing them, or quoting from them, for the reason that a fair construction of the language of the will leads to the same conclusion that would be reached by following them.

Evidence was introduced to prove the condition and circumstances of the testator. That evidence tended to show that he was in poor health and was liable to die at any moment; that he had been assisting his brothers and sisters financially; and that he desired to further assist them during their lives after he died. That evidence does not aid in ascertaining the meaning of the will. Those circumstances and conditions were entirely consistent with either of the possible constructions which may be placed upon the will. After giving them due consideration, there is no legal means of learning the intention of J. N. Hodges except by reading his will.

The power given to the executors under paragraph 24 of the will is urged by E. V. Lanyon in support of the construction of the will contended for by him. That power is entirely consistent with the devisees named in paragraph 14 receiving their distributive shares of the profits produced by the operation of the properties by the executors during the time named in paragraph 24. The plaintiff took the property devised to her by the will of her mother, and judgment was

properly rendered in favor of the plaintiff for her part of the profits arising from the operation of the property.

2. Evidence was introduced to show the intention of J. N. Hodges. That evidence tended to prove that he intended that the property devised to the fourteen devisees should, after their death, go to Mirza Temple for charitable purposes. That evidence was inadmissible. The testator chose the language of the will or adopted what had been chosen. The court cannot change that language, even if the testator intended something different from what he said. (*Dye v. Parker*, ante, p. 304, 194 Pac. 640.)

The judgment is affirmed.