No. 38,656

In re Estate of T. H. Reynolds, Deceased. (JOSEPHINE REYNOLDS WASHINGTON, *Appellee,* v. BERTHA J. BLUE, *Appellant.*)

(244 P. 2d 234)

Opinion filed May 10, 1952.

*Elmer C. Jackson, Jr.,* of Kansas City, argued the cause, and *Myles C. Stevens* and *William H. Towers,* both of Kansas City, were with him on the briefs for the appellant.

*David W. Carson,* of Kansas City, argued the cause, and *John K. Dear,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: On October 11, 1950, T. H. Reynolds, a resident of Kansas City, Kan., whose wife had predeceased him, died testate leaving as his only heir at law his adopted daughter, Josephine Reynolds Washington.

Omitting its introductory and concluding paragraphs, as well as its attestation clause, the decedent's will, which was executed on July 10, 1942, and admitted to probate in Wyandotte county on November 16, 1950, reads:

"As to my worldly estate, and all the property, real, personal or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my demise, I devise, bequeath and dispose thereof in the manner following, to-wit:

"My will is, that all my just debts and funeral charges shall by my executrix hereinafter named, be paid out of my estate, as soon after my demise as shall by them be found convenient.

"I give devise and bequeath to my wife Mabelle B. Reynolds certain real estate comprising our homestead, a story and half house and known as 1115 North 10th Street, Kansas City, Kansas.

"I give and bequeath to my wife Mabelle B. Reynolds all cash in the bank or banks in my name, or as may appear under a joint account, except as hereinafter provided.

"I give and bequeath to Josephine C. Reynolds, an adopted daughter to and by my self and my said wife Mabelle B. Reynolds, the sum of Two Hundred Dollars ($200.00).

"All the rest and residue of my estate, real, personal or mixed of which I shall die seized and possessed, or to which I shall be entitled at the time of my demise, I give, devise and bequeath to my wife, Mabelle B. Reynolds.

"/s/ T. H. REYNOLDS

"Page 2

WILL                    T. H. Reynolds

"That in the event of the demise of the beneficiaries named herein, the rest, residue and remainder of my estate, I devise and bequeath to Bertha J. Blue, sister of Mabelle B. Reynolds and Joseph L. Blue brother of Mabelle B. Reynolds, to be divided equally (both of Cleveland, Ohio)."

Sometime after admission of the foregoing will to probate Josephine Reynolds Washington filed a petition in probate court asking that it be construed and Bertha J. Blue, whose brother Joseph L. Blue had died prior to the death of the testator, entered her appearance in the proceeding and by answer made a similar request. Thereafter, and the parties have so stipulated, the probate court on June 5, 1951, found that the testator's wife had died prior to his death and that his will "did not provide for a residuary legatee and devisee in the event Mabelle B. Reynolds, his wife, should die before him and his daughter, Josephine Reynolds Washington should be alive at the date of her father's death; that there is no provision for and his will did not name a residuary legatee and devisee and that the law of intestacy and succession does apply insofar as the residuary legatee is concerned." Bertha J. Blue, who was dissatisfied with this decision, appealed to the district court.

In district court the cause was tried *de novo*. There, after the will, and other testimony not here material, had been offered and received in evidence, Bertha J. Blue sought to adduce extrinsic evidence tending to show that at the time of the execution of his last will and testament the testator intended to leave his residuary estate to her and her deceased brother, Joseph L. Blue, notwithstanding express terms of that instrument to the effect they were to take as residuary legatees *in the event of the demise of the beneficiaries therein named*. The district court refused to admit the evidence

offered on this point and proceeded to construe the will. In doing so it found that under its terms Mabelle B. Reynolds, wife of T. H. Reynolds, and Josephine Reynolds Washington, daughter of T. H. Reynolds were the persons named by the testator as beneficiaries and that Bertha J. Blue and Joseph L. Blue were not entitled to receive the balance of his estate unless both of such beneficiaries were dead. From other evidence it found that the testator's wife had died on September 23, 1948, but that his daughter was still living. It then rendered judgment holding that the decedent's will did not provide for a residuary legatee and devisee should his wife die before him; that the residuary estate provided for in the will had failed or lapsed; and that such residuary estate descended to Josephine Reynolds Washington according to the law of descent and distribution. Thereupon Bertha J. Blue filed a motion for a new trial which was overruled. Following this action she perfected the instant appeal, wherein she charges the trial court erred in rendering judgment and in refusing to grant her a new trial.

From what has been heretofore related it becomes clear the primary question involved in this lawsuit is whether the trial court erred in holding the will, particularly the paragraph thereof last heretofore quoted, provided that the residuary legatees therein named were to share in the testator's estate only in the event of the demise of the beneficiaries theretofore named by him.

Both appellant and appellee direct our attention to authorities dealing with rules of law for the construction of wills and their briefs are replete with arguments setting forth their respective versions as to how those rules should be applied in the instant case. Even so, we are not required at the moment to give our attention to either authorities or arguments dealing with such matters.

In a summary way it may be said that where a court, either trial or appellate, is called upon to determine the force and effect to be given the terms of a will its first duty is to survey the instrument in its entirety and ascertain whether its language is so definite and certain there is occasion for employing rules of judicial construction in determining its force and effect.

This court has long been committed to the rule that there is no necessity for construction of a will and that it is to be enforced in accordance with its terms where, from an analysis of the entire instrument, no ambiguity or uncertainty is to be found in its language.

See, *e. g.*, the earlier case of *Martin v. Martin,* 93 Kan. 714, 145 Pac. 565, which holds:

"When there is no ambiguity or uncertainty in the language used in the making of a will, a construction of the will is unnecessary, and it will be enforced in accordance with the provisions thereof." (Syl. ¶ 2.)

For other and more recent decisions without attempting to cite all of them, wherein the rule is differently stated but neverthless adhered to, see *Morse v. Henlon,* 97 Kan. 399, 155 Pac. 800; *National Life Ins. Co. v. Watson,* 141 Kan. 903, 44 P. 2d 269; *Johnson v. Muller,* 149 Kan. 128, 131, 86 P. 2d 569; *Zabel v. Stewart,* 153 Kan. 272, 276, 109 P. 2d 177; *In re Estate of Ellertson,* 157 Kan. 492, 496, 142 P. 2d 724; *In re Estate of Works,* 168 Kan. 539, 541, 213 P. 2d 998.

Turning to the will in question, and mindful as we do so of our duty under the foregoing decisions, we have little difficulty in concluding that the plain and unequivocal language used therein compels a conclusion that the appellant and her brother were not to participate in the testator's estate as residuary legatees unless on the date of his death the beneficiaries named in his will, clearly identified therein as his wife and adopted daughter, had both predeceased him. To hold otherwise, in our opinion, would require us to ignore the plain and ordinary meaning of the term "beneficiaries" as used in the will and read into it a meaning contrary to that expressed therein with complete definiteness and certainty. It necessarily follows the trial court did not err in holding that under the conceded facts the contingent residuary estate provided for in the will had failed or lapsed, that under such conditions there was no provision therein for disposition of the residue of the testator's estate, and that therefore such residue descended to his adopted daughter, the appellee herein, in accord with the law of descent and distribution.

In reaching the conclusion just announced we have not been unmindful or failed to give consideration to contentions advanced by the astute and industrious counsel for the appellant to which we shall now briefly refer.

In her brief appellant points out we have said the cardinal rule in construing a will is to determine the intention of the testator from examination of the instrument as a whole. We have no quarrel with the rule, often repeated in our reports (*Zabel v. Stewart,* supra; *In re Estate of Schnack,* 155 Kan. 861, 130 P. 2d 591; *In re*

*Estate of Thompson,* 161 Kan. 641, 644, 171 P. 2d 294, and cases there cited), on which appellant relies. The trouble from her standpoint is in its application. It is a rule of construction which does not become operative unless it appears the terms of a will are so uncertain and ambiguous as to require judicial construction. Once—as here—it has been determined from an examination of the instrument as a whole that there is no ambiguity or uncertainty in the language of a will its terms must be given full force and effect. This it may be added does not fly in the face of, but merely forestalls, application of the rule on which the appellant relies. In applying it we have held (See *Tomb v. Bardo,* 153 Kan. 766, 769, 114 P. 2d 320) that the intention which controls in the construction of a will is that which is indicated, either expressly or by necessary implication, in its language and that if the words and phrases therein used are clear in themselves, the court may not depart from the obvious meaning of such words and phrases in determining the intention of the testator as therein expressed.

Appellant strenuously argues this court would be warranted in construing the word *beneficiaries* as used in the will to mean "beneficiary" or "either beneficiary." Without laboring her argument on this point it suffices to say that to do so would result not only in excision of the word "beneficiaries" as used in the will but in a reformation of the instrument itself. Where the terms of a will are clear and not inconsistent with other provisions a court has no power, either by the process of excision (*Sipes v. Pessemier,* 144 Kan. 300, 58 P. 2d 1085; *In re Estate of Cline,* 170 Kan. 496, 227 P. 2d 157), or by some other method of reformation (*Holmes v. Campbell College,* 87 Kan. 597, 125 Pac. 25; *Dye v. Parker,* 108 Kan. 304, 194 Pac. 640; *Hodges v. Lanyon,* 108 Kan. 407, 411, 195 Pac. 882; *Dyal v. Brunt,* 155 Kan. 141, 123 P. 2d 307; *In re Estate of Hill,* 162 Kan. 385, 394, 176 P. 2d 515), to reform or make a will for a testator otherwise than he saw fit to make it.

It is true, as appellant suggests, that under the will as now interpreted, a part of the testator's property was not disposed of and there is a presumption a testator intends to dispose of his entire estate unless a contrary purpose clearly appears. That presumption is overcome in this case by plain and unambiguous language evidencing an intention appellant and her deceased brother were not to share in the estate as residuary legatees except in the event of the demise of the *beneficiaries* named in the will prior to the death of

the testator. This conclusion finds ample support in the recent case of *In re Estate of Randall*, 167 Kan. 62, 204 P. 2d 699, where, in disposing of a somewhat similar contention, we held:

"Any rule that a testator is presumed not to have intended to disinherit his heir is applicable only in doubtful cases, and the language of the will of the testator, if clear and unambiguous, must prevail even though it disinherits the heir." (Syl. ¶ 5.)

The judgment is affirmed.