No. 39,261

ELMER C. JACKSON, JR., MYLES C. STEVENS and WILLIAM H. TOWERS, *Appellants*, v. The Estate of T. H. Reynolds, deceased, and JOSEPHINE C. REYNOLDS WASHINGTON, *Appellees*.

(270 P. 2d 229)

Opinion filed May 8, 1954.

*Elmer C. Jackson, Jr.,* and *Myles C. Stevens,* of Kansas City, argued the cause, and *William H. Towers,* of Kansas City, was with them on the briefs for appellants.

*David W. Carson,* of Kansas City, argued the cause, and *John K. Dear,* of Kansas City, was with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This is an appeal by attorneys from a judgment of the district court denying their claim for attorneys' fees and expenses for representing the losing party in an action to construe a will.

On July 10, 1942, T. H. Reynolds, a resident of Wyandotte county, executed his will by which he devised to his wife, Mabelle B. Reynolds, his real and personal property except $200 which he gave to his adopted daughter, Josephine C. Reynolds. The will contained a clause to the effect that in the event of the death of his named

beneficiaries the remainder of his estate would go to his wife's sister, Bertha J. Blue, and her brother, Joseph L. Blue, of Cincinnati, Ohio, share and share alike. The testator died on October 11, 1950. His wife had predeceased him, and also his wife's brother. His adopted daughter, Josephine C. Reynolds, whose surname then was Washington, caused the will to be admitted to probate on November 16, 1950, and she was appointed executrix. Sometime thereafter Mrs. Washington filed in the probate court a petition to have the will construed. Bertha J. Blue entered her appearance in the proceedings by her attorneys who are now appellants here and by answer made a similar request. The trial in the probate court resulted in a judgment that Bertha J. Blue had no interest in the property. She appealed to the district court where there was a trial *de novo* with the same result. She then perfected an appeal to the supreme court where that judgment was affirmed. For more detailed facts and analyses of the case reference is made to the opinion filed May 10, 1952, in *In re Estate of Reynolds,* 173 Kan. 102, 244 P. 2d 234.

On May 14, 1952, the appellants herein filed in the probate court a claim for attorneys' fees and expenses for representing Bertha J. Blue in the litigation above mentioned. That claim was heard in the probate court and allowed in part only. Mrs. Washington appealed from the order of allowing the claim in part to the district court where the claim of appellants was denied after a hearing. They filed a motion for a new trial which was duly considered by the court and overruled. This appeal followed.

Generally, it may be said that attorneys' fees in actions may not be allowed unless some statute authorizes it. See, *Vonachen v. Pratt Glass Co.,* 172 Kan. 545, 241 P. 2d 775, and authorities there cited.

The general statutes pertaining to the allowance of costs in the district court, G. S. 1949, read as follows:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property." 60-3704.

"Costs shall be allowed of course to any defendant upon a judgment in his favor in the actions mentioned in the last section." 60-3705.

"In other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable." 60-3706.

Actions to construe wills are of a class that the trial court under the

authority of the last section quoted is authorized to tax costs and allow attorneys' fees to one party or the other, or to both, as in its discretion it may think right and equitable.

Counsel for appellants cite *Singer v. Taylor*, 91 Kan. 190, 137 Pac. 931, where the syllabi read:

"In an action other than for the recovery of money only or for the recovery of specific real or personal property the court, in its discretion, may tax costs and apportion the same between the parties as, in its discretion, it may think right and equitable." Syl. 1.

"Where there is ambiguity in the provisions of a will and a real controversy as to its construction it is competent for the court to allow reasonable attorneys' fees out of the estate to the defeated as well as the successful party." Syl. 2.

After the decision of the court in the principal case, *Singer v. Taylor*, 90 Kan. 285, 133 Pac. 841, counsel filed a motion to allow costs and attorneys' fees which involved the question whether costs and attorneys' fees should be allowed to an unsuccessful party out of the estate of the testator. The court pointed out that the estate was large, about a quarter million dollars; that the daughter had been given only $500, plus the income for life from $10,000; the widow had been given the income for life from certain property; and, the son had been given practically all of the remainder of the estate. The daughter had brought an action to set aside the will on the ground of undue influence and to have certain portions of the will construed. She was unsuccessful in setting aside the will but the terms of the will were construed in several respects. This court expressed the view the trial court would be justified in allowing her attorneys' fees and expenses but referred the matter to the trial court for allowance.

In *Hurst v. Weaver*, 75 Kan. 758, 90 Pac. 297, a testator who had considerable property and eight children gave each of the children property but as to one daughter, Christiana Hurst, he provided that her property should be held and invested by the executors for her sole use; not giving it to her directly. The executors sued to have the will construed. Mrs. Hurst filed an answer and joined in the construction of the will with respect to her interest. The trial court's construction of the will was unsatisfactory to her and she appealed. From the opinion it appears that the trial court ordered all the costs and attorneys' fees to be paid out of Mrs. Hurst's share. The court cited the section last quoted here and said:

". . . authorizes the trial court in this class of actions to tax and apportion the costs as in its discretion seems right and equitable. There seems, at

least, to have been no abuse of discretion in this case. It appears by the pleadings and agreed statement of facts that none of the other beneficiaries was interested in the result of this action. The issue was between Mrs. Hurst and the trustee-executors: whether her share should be paid over to her by them, as executors, or should be retained by them as trustees and invested for the benefit of herself and her children."

In *Chapman v. Kennett*, 94 Kan. 535, 146 Pac. 1153, it was held:

"A testator whose estate was valued at $13,000 made bequests of two town lots, $500 and $1,000 respectively, to three elderly women who had befriended him; $1,000 to a children's home society; directed monuments to be erected over his grave and the graves of his son and stepson; and bequeathed the residue to a fraternal organization, and cut off a son and daughter with five dollars each. The daughter brought contest proceedings to set aside the will on account of mental incapacity and undue influence. The beneficiaries, except the fraternal organization, could ill afford the expense of litigation. The probate court authorized the executor to employ attorneys to maintain the will. The will was sustained, but the bequest of the residuary estate failed. *Held*, that under all the circumstances it was not error to charge the expenses of the litigation against the estate."

In *Householter v. Householter*, 160 Kan. 614, 164 P. 2d 101, it was held:

"Attorneys' fees ordinarily should not be allowed to counsel for an unsuccessful litigant when the action is brought for the personal benefit of the litigant rather than for the benefit of an estate or trust even though the litigation results in perfecting the title of the successful party to property and requires construction of a will which did not contain ambiguous provisions." Syl. 2.

In the opinion p. 619 it is said:

"Counsel for the appellant contend that the district court should have allowed them attorneys' fees even though they represented the unsuccessful party in the case. They assert that the sole question to be decided is the proper construction of a will and that without a decision on such question, the appellees would have been unable to perfect title to the involved real estate. In support of their contention they cite *Singer v. Taylor*, 91 Kan. 190, 137 Pac. 931, and other cases. In the present case, however, the appellant sought the recovery of a specific interest in described land. The appellees were forced involuntarily to uphold a will which did not appear on its face to be ambiguous. No estate or trust fund was benefited by the litigation. From a standpoint of construction and equity there appears to be no more reason why the appellees should pay attorneys' fees to counsel for appellant than the other devisees named in the will even though they were not parties to the action. The appellant sought to recover for his personal benefit—not for the benefit of all parties incidentally concerned with the litigation. In such cases attorneys' fees ordinarily are not properly allowed to counsel for the unsuccessful party. (See *Bartlett v. Mutual Ben. Life Ins. Co.*, 358 Ill. 452, 193 N. E. 501, and annotation in 142 A. L. R. 1459.)"

*Tomb v. Bardo,* 153 Kan. 766, 114 P. 2d 320, was an action for declaratory judgment to construe a will and to determine rights of the legatees and devisees thereunder. The opinion involved the interest of many parties. On p. 776 the court had occasion to say:

"Complaint is made of the action of the court in taxing the costs to the residuary assets of the estate. Under the statute, G. S. 1935, 60-3706, this was a matter within the discretion of the trial court."

The same may be said in this case. The ruling of the trial court from which the appeal is taken here was within the trial court's discretion under what is now G. S. 1949, 60-3706. Many other cases might be cited but those, and the ones we have cited, all recognize the basic principle involved as being the discretion of the trial court. Where the services of the claiming attorney have been beneficial to the estate or are necessary for its proper consideration, fees have been allowed attorneys, but where the attorney acts for the benefit of his own client, or for other purposes not helpful in the administration of the estate, such fees are not allowed.

The opinion *In re Estate of Reynolds,* 173 Kan. 102, 244 P. 2d 234, makes it clear that the portion of the will which counsel for Bertha J. Blue sought to have construed needed no construction. The language is clear. The efforts of her attorneys were for her own benefit. The trial court obviously was of the opinion that such services were not helpful in the administration of the estate and that there was no reason why the estate should have to pay it. We find no error in the record. The judgment of the trial court is affirmed.