No. 42,940

Henry C. Parsons, *Appellee*, v. Leah Smith, Trustee under a Trust Agreement dated July 15, 1959, and Executed by Edith A. Golden; Norman Anthony and N. H. Anthony, Jr., *Appellants*.

(376 P. 2d 899)

Opinion filed December 8, 1962.

*R. C. Woodward*, of El Dorado, argued the cause, and *H. Pauline Woodward*, of El Dorado, was with him on the briefs for the appellants.

*L. J. Bond*, of El Dorado, argued the cause, and *Robert M. Bond*, of El Dorado, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Parker, C. J.: Plaintiff, Henry C. Parsons, brought this action against the defendants, Leah Smith, Trustee, and Norman Anthony and N. H. Anthony, Jr., as beneficiaries of the trust, to set aside the trust and decree that plaintiff was the owner of all the trust property, with its accumulations and substitutions, under and by virtue of the will of D. B. Golden, deceased.

During the course of the proceedings the defendants' general demurrer to plaintiff's amended petition was overruled and the defendants have appealed from that ruling.

Following the overruling of the demurrer, defendant Leah Smith, Trustee, filed a motion asking the district court to invade the trust funds in her hands for the purpose of paying attorneys to defend the case and for costs incurred by her in the action. This application was denied by the court on the basis it had no discretionary power to make such allowances. Thereupon defendant Smith perfected an appeal from that ruling.

The appeals in question have been filed, docketed, and presented in this court as one appeal and will be disposed of in that manner.

Since all questions involved on appellate review stem from the trial court's ruling on a general demurrer to the amended petition, the well-pleaded allegations of which must be accepted as true, there can be no dispute between the parties as to the controlling facts of this case, to which we now direct our attention.

An examination of the petition, and the Exhibits attached thereto, discloses:

That D. B. Golden died testate January 18, 1954, leaving a last will and testament which, so far as its testamentary directives are concerned, contains three paragraphs. The first paragraph of such will directs payment of all the testator's just debts. The third paragraph requests the appointment of his wife, Edith A. Golden, as executrix. The second paragraph, which is conceded by the parties to contain the provisions giving rise to the all-decisive issues involved in this case, reads:

"I give, devise and bequeath all of the property which I may own at the time of my death, including real, personal and mixed, wheresoever situated, to my wife Edith A. Golden and it is my wish that she shall have full power and authority to sell, mortgage, lease, transfer or otherwise dispose of any of said property and to use all or any part thereof during her life time, but if any of the property herein given, devised and bequeathed to my said wife shall remain at the time of her death said remainder I give, devise and bequeath to my nephew Henry C. Parsons, of Williamsport, Pennsylvania."

That D. B. Golden's estate was probated, and closed, and that thereafter Edith A. Golden, his widow, entered into possession of all the property of her deceased husband.

That on July 15, 1959, some two years before her death, Edith A. Golden executed and delivered a trust agreement which conveyed property, admittedly acquired under the will of her deceased hus-

band, to Leah Smith, Trustee. Under the terms of the trust agreement the trustee was given title to all the trust property with full power to sell, convey, convert and reinvest such property and to pay the net income therefrom, and, in the exercise of her discretion, if it became necessary invade the principal, for the support of Edith during her lifetime. Further provisions provided that upon Edith's death the trustee was to pay the net income received from the property to Edith's brother, Norman Anthony, during his lifetime; and directed that on his death the trust was to terminate and one-half of the trust property was to be delivered to appellee Parsons, a nephew of D. B. Golden, and one-half to appellant Norman [N. H.] Anthony, Jr., a nephew of Edith. It is admitted that no valuable consideration was paid to Edith by either the trustee or the beneficiaries for execution and delivery of the trust agreement.

That appellant Leah Smith took possession of the trust property, delivered to her as trustee under the terms and provisions of the trust, and was discharging the duties imposed on her in that capacity at the time the litigation herein involved was commenced.

The parties agree the paramount question involved on appellate review is whether the trust conveyance is valid and the record in the court below discloses such question was submitted by them to that court upon the construction that should be given the will of D. B. Golden, particularly the second paragraph thereof. Moreover, the record presented in this court reveals that under the issues raised by the petition and demurrer submission of the cause on that basis was proper. Therefore, based upon our own independent examination of the record before us, as well as the record in the court below, we are convinced and hold, notwithstanding some quibbling between the parties on the point, that fundamentally this case not only involves but requires an interpretation and construction of the will of D. B. Golden, deceased.

As we understand their respective contentions with regard to the force and effect to be given the will appellants, on the one hand, contend the language of that instrument is so clear and unambiguous as to compel a conclusion Edith A. Golden took a life estate, with unqualified power of disposition during her lifetime, in the property devised to her by her deceased husband, hence she had full power and authority to dispose of such property under the involved trust agreement. On the other hand appellee contends that such will, in clear and unequivocal terms, gave Edith A. Golden a

life estate in the property so devised with a qualified power of disposition of title, which power did not extend to disposition of such property by her for purposes other than her own use and benefit.

The rule of this jurisdiction is that when the language used in the making of a will is clear and unambiguous a construction of that instrument is unnecessary and it must be enforced in accord with its terms and provisions. See, *e. g., In re Estate of Reynolds,* 173 Kan. 102, 244 P. 2d 234; *In re Estate of Hauck,* 170 Kan. 116, 223 P. 2d 707. In a summary way it may be said that, under this rule, where a court, either trial or appellate, is called upon to determine the import to be given the terms of a will its first duty is to survey the instrument in its entirety and ascertain if there is occasion for employing rules of judicial construction in determining its force and effect.

We have examined the pertinent portions of D. B. Golden's will, *i. e.,* the second paragraph thereof which has been heretofore quoted at length, and it may be stated that, after a careful analysis of its terms and provisions, we are unwilling to say its terms and provisions, standing alone, are so clear and definite as to warrant the construction which either the appellants or the appellee seek to place upon them.

Having determined there is ambiguity in the terms of the will it necessarily follows such instrument is subject to construction under the rules which are well-established in this jurisdiction. See *In re Estate of Hauck,* 170 Kan. 116, 223 P. 2d 707, which holds:

"Where construction of a will is necessary the court must put itself in the situation of the testator when he made his will and from a consideration of the language used in the entire will determine as best it can the intention he endeavored to convey, the cardinal rule being that the intention of the testator as gathered from the whole will must control unless contrary to settled rules of law." (Syl. ¶ 3.)

See *Beal v. Hardie,* 177 Kan. 353, 279 P. 2d 276, a recent declaration respecting the paramount rule for construction of wills, where, repeating and reapproving the principle announced in the early case of *Brown v. Brown,* 101 Kan. 335, 166 Pac. 499, we held:

"A rule for the construction of wills, to which all other rules are subordinate, is that the intention of the testator, as garnered from all parts of the will is to be given effect, and that doubtful or inaccurate expression in the will shall not override the obvious intention of the testator." (Syl. ¶ 1.)

And in the opinion stated:

". . . In construing a will, the court must put itself as nearly as pos-

sible in the situation of the testator when he made the will and from a consideration of that situation and from the language used in every part of the will, determine as best it can the purpose of the testator and the intentions he endeavored to convey by the language used. (*Lawrence National Bank v. Shirk*, 173 Kan. 76, 244 P. 2d 179; 5 Hatcher's Kansas Digest [Rev. Ed.], Wills, § 101; West's Kansas Digest, Wills, §§ 439, 440 and 441.)" (p. 356.)

See, also, *Wood River Oil & Refining Co. v. Madden*, 169 Kan. 633, 220 P. 2d 154, where, after stating it is elementary the cardinal consideration in construing a will is the intention of the testator, we said:

". . . The test of that intention is the language contained in the four corners of the instrument, and circumstances surrounding its execution if they are needed to clarify the testator's true intent and purpose . . ." (p. 636.)

And see *In re Estate of Schnack*, 155 Kan. 861, 130 P. 2d 591, which holds:

"The fundamental rule for construing a will is that the intention of the testator is to be gathered from the instrument as a whole, and that intention must prevail if it is consistent with the rules of law. If possible, the will should be construed to avoid intestacy.

"In determining the testator's intention, the will is to be read in the light of the circumstances under which it was written, which circumstances include the nature and amount of his estate and his relation to his family and named beneficiaries." (Syl. ¶¶ 2, 3.)

For other decisions, where the above stated rules are considered, discussed and applied, see *Walker v. Koepcke*, 177 Kan. 617, 622, 282 P. 2d 382, also *In re Estate of Weidman*, 181 Kan. 718, 727, 314 P. 2d 327, and the cases therein cited.

Mindful that each will must be construed by its own terms, and when ambiguous in accord with the intent of the individual executing the instrument, we see no necessity for prolonging this opinion by an extended statement of reasons responsible for the conclusions we have reached regarding the interpretation to be given the will now under consideration. Moreover, since we are fully cognizant that each case involving the construction of a will must, to a large extent, be determined upon the exact language involved and so offers but little help in the decision of others, we do not deem it advisable to undertake to review the many cases, cited by industrious counsel, which have had more or less bearing in assisting us in arriving at such conclusions. It suffices to say that when we place ourselves in the situation D. B. Golden was in when he made the will, give consideration to all the language used therein, and keep in mind the law requires such instrument must be construed in

accord with his intention, if reasonably possible of ascertainment, we are constrained to conclude, as the trial court did, that it was his intention to give his wife, Edith A. Golden, a life estate in his property with the qualified power of disposition of such property for her personal use and benefit during her lifetime; and that that qualfied power did not include the right to gratuitously dispose of such property by a trust agreement, or otherwise, for purposes wholly foreign to the wife's own personal needs and requirements.

With the will construed as just indicated it necessarily follows that the transfer of the D. B. Golden property to the trustee, by means of the trust agreement, was invalid and that the trial court's judgment to that effect must be upheld.

The question remaining for appellate review is whether the court erred in overruling the motion of appellant Leah Smith, Trustee, for allowance of attorney fees and court costs on the ground that, as a matter of law, it had no power to allow such fees or costs.

From what has been previously stated in the opinion we believe it is apparent, at least it is clear to us, that this is a case where there was substantial controversy as to the provisions of a will and that the appellee, as well as Leah Smith and her co-appellants, invoked the jurisdiction of the district court for the purpose of having that instrument construed. It is also apparent that Leah Smith is defending this action for purposes of guidance as to her obligations and duties under the trust, for the benefit of all parties incidentally concerned with the litigation—and not for her own personal benefit. And it is equally apparent that for all practical purposes, except for what was expended for the use and benefit of Edith A. Golden, in her lifetime, the corpus of the property originating with the will of D. B. Golden and eventually coming into the possession of Leah Smith, as trustee, which is conceded by all parties to be substantial, is as available for the payment of costs and attorney fees in this case as it would have been if his estate had never been closed.

Under the particular facts, conditions and circumstances of this case we have little difficulty in concluding that, under our decisions, the district court had power and authority to grant the motion for allowance of attorney fees and court costs, now under consideration, and that it should have done so. Moreover, we deem it right and equitable that, after having determined what would be a reasonable fee for the movants' attorneys under the confronting facts and circumstances, it should have directed that such fees and the court

costs be paid out of the corpus of the estate still in the hands of Leah Smith, trustee.

See, *In re Estate of Sowder*, 185 Kan. 74, 340 P. 2d 907, where it is said:

"It has been held where there is ambiguity in the provisions of a will and a ·real controversy as to its construction, it is competent for the court to allow reasonable attorney fees out of the estate to the defeated as well as the sucessful party; *and in connection with the same subject it has been held that under the provisions of what is now G. S. 1949, 60-3706, the district court in its discretion has authority to tax costs and allow attorney fees and to determine from what source they should be paid, as it may deem right and equitable.* (In re Estate of Walton, [183 Kan. 238, 243, 326 P. 2d 264] *supra*; In re Estate of Reynolds, 176 Kan. 254, 270 P. 2d 299; Singer v. Taylor, 91 Kan. 190, 137 Pac. 931; and Hurst v. Weaver, 75 Kan. 758, 763, 90 Pac. 297.)" (p. 86.) (Emphasis supplied.)

See, also, *Central Trust Co. v. Harris*, 152 Kan. 296, 300 to 304, incl., 103 P. 2d 902.

*Householter v. Householter*, 160 Kan. 614, 164 P. 2d 101, does not add any weight to appellee's position the trial court's action in overruling the motion for attorney fees was proper. See pages 619 and 620 of the opinion where, in denying a similar motion, it is said: "The appellees were forced involuntarily to uphold a will which did not appear on its face to be ambiguous. . . . The appellant sought to recover for his personal benefit—not for the benefit of all parties incidentally concerned with the litigation. In such cases attorneys' fees ordinarily are not properly allowed to counsel for the unsuccessful party."

Based on what has been heretofore stated and held the judgment of the trial court in overruling the demurrer to the amended petition is affirmed with directions to dispose of the merits of this case in accord with the views herein expressed; and its order denying the motion of appellant Leah Smith, trustee, is reversed with directions that it sustain such motion, make a proper allowance to appellant with which to pay the attorney fees of her counsel and, after doing so, direct that such fees, together with all other costs of the action, be assessed against and paid out of the corpus of the property delivered to, and now in possession of, Leah Smith, trustee, under and by virtue of the terms of the trust agreement executed by Edith A. Golden.