No. 40,791

In the Matter of the Estate of Louise Blank, Deceased. (ANNA McCLANAHAN and EDWARD KRUSCHKE, *Appellants,* v. MERRILL BLANK and COLENE McCARTY, Administratrix *de bonis non* With Will Annexed of the Estate of Louise Blank, Deceased, *Appellees.*)

(320 P. 2d 775)

Opinion filed January 25, 1958.

*Frantz G. Loriaux,* of Augusta, argued the cause, and *A. L. Foster,* of Parsons, was with him on the briefs for the appellants.

*Herman W. Smith, Jr.,* of Parsons, argued the cause, and *Elmer W. Colum-*

*bia* and *John B. Markham*, both of Parsons, were with him on the briefs for appellee Merrill Blank.

The opinion of the court was delivered by

PARKER, C. J.:   This appeal involves the interpretation of a will and a review of rulings made by the trial court with respect to the same subject on appeal from a proceeding instituted in the probate court.

Louise Blank, a long time resident of Altamont, Labette County, Kansas, died testate on April 24, 1954. Her last will and testament was duly admitted to probate in Labette County and ultimately Colene McCarty was appointed and qualified as administratrix *de bonis non* with will annexed of her estate.

On March 8, 1955, Merrill Blank, a devisee and legatee under the involved will, filed an application in the probate court, praying for an interpretation of such will, particularly paragraph IV thereof, and an order directing that certain funds in a bank account be transferred to him under its terms and provisions. Anna McClanahan and Edward Kruschke, also legatees under such will, filed a written defense to this application and, after a hearing, the probate court construed the will and found such application should be sustained and the bank account transferred as requested. McClanahan and Kruschke then appealed to the district court of Labette County.

When the case reached district court Merrill Blank, pursuant to orders made by such court in connection with a motion to strike and to make more definite and certain, filed an amended application which reads:

"(1) That the decedent, Louise Blank, died testate on April 24, 1954, and her last will has been admitted to probate on June 1, 1954, in the Probate Court of Labette County, Kansas, and the Fourth clause of said will reads as follows:

" 'I give, bequeath and devise to Merrill Blank of Altamont, Kansas, all my right, title and interest in and to my drug store located in Altamont including fixtures, merchandise and stock and accounts receivable owed to said store subject to the said Merrill Blank paying all outstanding debts and accounts owed by the store as of the date of my death. It is my will and desire that said Executor immediately deliver possession of said drug store to Merrill Blank and that said store and the income therefrom shall not be administered in my estate but the same shall belong exclusively to Merrill Blank.'

"That a true and correct copy of said last will and testament so admitted to probate in said court is attached hereto marked Exhibit A and made a part hereof as though fully rewritten herein.

"Petitioner alleges that said deceased, Louise Blank was the owner of and operator of a drug store at Altamont, Kansas, known as 'Blank Drug Store' and Merrell Blank, her stepson, operated and managed said store; that the assets of said drug store consisted of fixtures, merchandise, stock in trade, account receivable, which petitioner alleges included a bank account in the Labette County State Bank, Altamont, Kansas, carried 'Blank Drug Store', and was a checking account used for the purpose of the operation of said store and was a part of the right title and interest of said deceased in said drug store and was an account receivable of said drug store at the time of her death; that Louise Blank carried another account in the Labette County State Bank known as 'Louise Blank Personal', That at the time of the death of Louise Blank there was on deposit in the Labette County State Bank in two accounts, as follows:

" 'Louise Blank Personal,...............................$5,052.40'
" 'Blank Drug Store...................................$9,075.85'.

"That when the inventory of said estate was made as shown by the inventory returned by the appraisers, said accounts were listed and valued separately as follows:

" 'STATEMENT OF DEBTS AND ACCOUNTS BELONGING TO SAID ESTATE.

" 'Labette County State Bank Account
   Checking Acc't Personal...........................$5,052.40
" 'Labette County State Bank
   Drug Store Bank Acc't.......................  ........$9,075.85'

"Your petitioner alleges that as shown by said will it was the intention of Louise Blank, deceased, that all of her right, title and interest in and to said drug store, including fixtures, merchandise, and stock and accounts receivable, go to Merrell Blank, subject to Merrell Blank paying the outstanding debts and accounts owed by the store as of the date of her death. Petitioner alleges that said account was carried as a separate account in said bank and at all times considered by said deceased as part of her interest in the 'Blank Drug Store.'

"(2) Your petitioner further alleges that under the terms of said will, he having been given, bequeathed and devised the 'Blank Drug Store', is entitled to have the Court interpret said will to mean that it was the intention of Louise Blank that Merrell Blank take said drug store, including 'Blank Drug Store' account in the Labette County State Bank of Altamont, Kansas, and your petitioner alleges that the Court should direct the Executor to turn said account over to him as a part of the right, title and interest of said deceased in said drug store and as an account receivable due to said store, as the manner in which said drug store, was operated petitioner knows that said checking account was a part of said drug store.

"Wherefore, your petitioner respectfully prays that the above court authorize, order and direct the Executor to transfer the funds in said 'Blank Drug Store' checking account in the Labette County State Bank, Altamont, Kansas, to him and to interpret the will that such was the intention of Louise Blank, deceased."

McClanahan and Kruschke demurred to the foregoing pleading on the ground it failed to state facts sufficient to constitute a cause of action. After a hearing this demurrer was overruled. They then filed an answer setting forth their defenses to such application. In this pleading they admitted the death of the testatrix, the admission of her will to probate, the provisions of the fourth clause of such will, and that on the date of her death testatrix was the owner and operator of the drug store at Altamont known as "Blank Drug Store"; denied generally all other allegations of such application; and specifically denied that the bank account in the Labette County State Bank in the name of "Blank Drug Store" was part of the right, title and interest of the decedent in and to said drug store, also that such bank account was an account receivable of the said drug store.

The cause came on for trial by the court with issues joined as related. Following an opening statement by counsel for the petitioner McClanahan and Kruschke moved for judgment on the pleadings and such opening statement. Upon interrogation by the court as to whether he desired to argue this motion at length counsel making the motion made the following statement:

"I don't think that it will be necessary to argue it at length, since the demurrer has been filed, but it is the defendant's contention that the terms of the will are clear and need not be constructed, but should be interpreted within its own four corners, and that no extrinsic evidence concerning the intent of the testatrix, or the circumstances are necessary nor should be admitted in this case."

Upon the overruling of the foregoing motion counsel announced McClanahan and Kruschke objected to the introduction of any testimony or evidence in the case, stating in substance that such objection was based on the same grounds as those relied on in support of its motion for judgment on the pleadings in the opening statement. In due course this motion was overruled. Petitioner then adduced his evidence to which counsel for respondents demurred. Upon the overruling of this demurrer counsel announced respondents would stand on their demurrer and introduce no evidence but requested that the court make findings of fact and conclusions of law in connection with the overruling of the demurrer and the judgment to be rendered.

Thereafter the trial court made findings of fact and conclusions of law. It then rendered judgment in favor of petitioner and

against respondents wherein it held, in substance, that under the terms and provisions of Louise Blank's will, particularly paragraph IV thereof, such testatrix intended and did give to Merrill Blank the Blank Drug Store as a going concern and that such bequest and devise included the amount of the deposit in the Blank Drug Store account in the Labette County State Bank of Altamont on the date of the death of such decedent, which account was to be delivered to petitioner by the administratrix *de bonis non* of the Louise Blank estate.

Following rendition of the judgment, heretofore described, McClanahan and Kruschke filed a motion for a new trial, also motions to set aside and to modify the findings of fact and conclusions of law, all of which were overruled. Thereupon they perfected the instant appeal.

In a preliminary way it should be stated our review of the record discloses that under the existing facts and circumstances the appellee's motion to dismiss the appeal cannot be upheld. For that reason we proceed with the merits of the cause without laboring contentions advanced in support of such motion.

Appellants make three contentions which must be disposed of before other questions involved in the case are considered. They are that the trial court erred (1) in overruling their demurrer to the heretofore quoted amended application; (2) in overruling their motion for judgment on appellees' pleadings and opening statement; and (3) in holding that extrinsic evidence was admissible to establish the testatrix' intention under the provisions of her will, particularly paragraph IV thereof.

Each of the foregoing contentions is based on appellants' construction of the will to the effect its language is so clear and unambiguous as to compel a conclusion that they, as residuary legatees, are entitled to receive all money on deposit in the "Blank Drug Store" account in the Labette County State Bank on the date of the death of the testatrix, irrespective and notwithstanding the devise to Merrill Blank under paragraph IV of the will.

The rule of this jurisdiction, as appellants contend, is that when the language used in the making of a will is clear and unambiguous a construction of that instrument is unnecessary and it must be enforced in accord with its terms and provisions. See, e. g., *In re Estate of Reynolds,* 173 Kan. 102, 244 P. 2d 234; *In re Estate of Hauck,* 170 Kan. 116, 223 P. 2d 707. In a summary way it may be said that,

under this rule, where a court, either trial or appellate, is called upon to determine the force and effect to be given the terms of a will its first duty is to survey the instrument in its entirety and ascertain if there is occasion for employing rules of judicial construction in determining its force and effect.

Touching appellants' position on the point now under consideration it is to be noted they cite no cases, either from this jurisdiction or elsewhere, to sustain it. It has been said that under such circumstances this court may well assume their counsel, after diligent search, have been unable to find any. (*McCoy v. Fleming*, 153 Kan. 780, 783, 113 P. 2d 1074; *Simeon v. Schroeder*, 170 Kan. 471, 475, 227 P. 2d 153; *Ehrhart v. Spencer*, 175 Kan. 227, 233, 263 P. 2d 246; *Shobe v. Tobin Construction Co.*, 179 Kan. 43, 48, 292 P. 2d 729.) Even so, we have examined the will and, it may be stated, that after a careful analysis of its terms and provisions we are unwilling to say, that where—as here—a testatrix gives, bequeaths and devises *all her right, title and interest in and to a drug store,* including fixtures, merchandise and stock and accounts receivable owed to said store subject to the said devisee paying all outstanding debts and accounts owed by the store as of the date of her death, to her stepson (Merrill Blank); thereafter makes specific bequests of money to her sister (Anna McClanahan) and her brother (Edward Kruschke); and finally names the sister and brother as residuary legatees, it can be successfully urged, that standing alone, the terms and provisions of her will are so definite and certain as to compel a conclusion she intended a bank account carried by her in the name of the drug store to pass under the residuary clause of her will. Likewise, it may be added, our somewhat extended examination of the authorities fails to disclose any case where similar terms and provisions of a will have been held to be entitled to the force and effect appellants seek to place upon them.

Having determined there is ambiguity in its terms it necessarily follows the will is subject to construction under rules which are well-established in this jurisdiction. See *In re Estate of Schnack,* 155 Kan. 861, 130 P. 2d 591, which it held:

"The fundamental rule for construing a will is that the intention of the testator is to be gathered from the instrument as a whole, and that intention must prevail if it is consistent with the rules of law. If possible, the will should be construed to avoid intestacy.

"In determining the testator's intention, the will is to be read in the light of the circumstances under which it was written, which circumstances include

the nature and amount of his estate and his relation to his family and named beneficiaries.

"Evidence tending to show the situation at the time the will was executed, the nature of his business, the extent of his property, his relations with his family or named beneficiaries, may be received if helpful in identifying property or beneficiaries, or to clarify language used in the will, but not to change the will." (Syl. ¶¶ 2, 3 & 4.)

See, also, *Wood River Oil & Refining Co. v. Madden,* 169 Kan. 633, 220 P. 2d 154, where, after stating it is elementary the cardinal consideration in construing a will is the intention of the testator, we said:

". . . The test of that intention is the language contained in the four corners of the instrument, and circumstances surrounding its execution if they are needed to clarify the testator's true intent and purpose. . . ." (p. 636.)

For other decisions, where the rules last above stated are considered, discussed and applied, see *In re Estate of Hauck,* 120, supra; *Beall v. Hardie,* 177 Kan. 353, 356, 279 P. 2d 276; *Walker v. Koepcke,* 177 Kan. 617, 622, 282 P. 2d 382, and cases therein cited.

What has been heretofore stated and held compels the conclusion appellants' first three contentions respecting error lack merit and cannot be upheld.

We therefore turn to a fourth question which, in reality, presents the crux of this lawsuit. In essence this question is: Does the Blank Drug Store bank account go to Merrill Blank under the provisions of paragraph IV of the will or does it go to the appellants under the residuary clause of that instrument? In the light of what has been heretofore related the question thus posed must, of course, be determined on the basis of the intention of the testatrix as gathered from the will as a whole and other competent evidence, if helpful to a clarification of its language, adduced during the trial of the cause.

Early in this opinion we noted the trial court made findings of fact and conclusions of law. All twenty-one of such findings are important and, we may add, from our examination of the record appear to be supported by evidence. In the interest of time and space we shall quote only those findings and conclusions having particular significance from the standpoint of the testatrix' intention. They read:

"FINDINGS OF FACT

"5. That testatrix left her personal bank account, in the amount of $5052.40 in the Labette County State Bank, Altamont, Kansas, at the time of her death,

including sufficient funds to pay the specific devises, bequests and legacies of her last will and testament.

"7. That the testatrix's closest relationship with a living person during a portion of her lifetime, was her relationship with her stepson, Merrill Blank, and although Merrill Blank was not her natural son, he stood in the relationship of natural son to the testatrix for over twenty years.

"8. That the testatrix did not devote her time exclusively to the Blank Drug Store; that the testatrix was never a registered pharmacist; that Merrill Blank was the registered pharmacist, working in said Blank Drug Store.

"10. That the person in closest relationship to testatrix during her life, as a widow, and the only person occupying a confidential relationship with her during that period of her life, was her stepson, Merrill Blank.

"11. That testatrix, by the provisions of the will, gave to said Merrill Blank, all her right, title and interest in and to said Blank Drugstore, including the fixtures, stock and merchandise, accounts receivable and the income therefrom, as shown by the cash on hand in the store, and the Blank Drug Store bank account, requiring said Merrill Blank to pay all outstanding debts and accounts owed by said store at the time of the death of the testatrix, ordered immediate delivery of the possession of said drug store to said Merrill Blank, and provided that the same was to belong to said Merrill Blank exclusively, and that these properties were not to be administered in the estate; that testatrix intended to and did give to said Merrill Blank a solvent, 'going concern.'

"13. That the testatrix, Louise Blank, died the sole owner of said retail drug store located in Altamont, Labette County, Kansas, that the assets of the Blank Drug Store, at the date of the death of testatrix, consisted of furniture, fixtures, merchandise, stock, accounts receivable, money or cash on hand, in the amount of $35.21, and a bank account in the Labette County State Bank, Altamont, Kansas, in the amount of $9442.69, as of the date of the death of testatrix, and carried in the name of the 'Blank Drug Store'; that the Blank Drug Store bank account was established and carried under the name 'Blank Drug Store' for some twenty years prior to the death of testatrix, and that during this period of time the petitioner, Merrill Blank, and the testator, Louise Blank, were the only persons authorized to write checks upon or draw amounts from said Blank Drug Store bank account.

"14. That at the time of her death, Louise Blank had a separate and personal bank account in the Labette County State Bank of Altamont, Kansas, in the amount of $5052.40, as of the date of her death, which said bank account was established and carried under the name of Louise Blank for some twenty years prior to the death of testatrix, and that the only person who had authority to write checks upon or draw amounts from said bank account was Louise Blank.

"15. That on the date of the death of testatrix, Louise Blank, the Blank Drug Store owed outstanding debts and accounts incurred by the store during the lifetime of testatrix and which remained unpaid at her death, and that the petitioner, Merrill Blank, as required by the terms of the will, and subsequent to the death of testatrix, paid all of said outstanding debts and accounts owed by the store as of the date of the death of testatrix, he paid these debts out of his personal funds.

"18. That petitioner is 59 years of age, and lost his natural mother by death when he was about three years of age, and never knew nor has any memory of his natural mother; that when he was about three years of age, his father married the testatrix, Louise Blank, and that said testatrix is and was the only mother that petitioner ever knew; that petitioner lived with said testatrix all of his life and up until the death of testatrix, and even after petitioner had married; that petitioner and testatrix had been business partners in a drug store and other ventures prior to the testatrix purchasing the Blank Drug Store; that testatrix acquired the Blank Drug Store about twenty years ago, and that from the time thereof, until her death, petitioner devoted his entire time to the management, care, promotion and development of said Blank Drug Store; that petitioner was the only registered pharmacist in the town of Altamont, Kansas, and over the twenty year period devoted an average of 105 hours a week in the management of, and in promoting the best interest of the Blank Drug Store, owned by his stepmother, Louise Blank; that over the entire period of time petitioner was paid a minimum of $22.50 a week to a maximum of $45.00 a week; that the development, profits and success of said Blank Drug Store, as they existed on the date of the death of testatrix, were due in a large part to the efforts, work, time and labor devoted by petitioner thereto.

"19. That the checks used to draw funds from the Blank Drug Store bank account were on a printed-form check, and were honored upon the signature 'Blank Drug Store', and that checks on this account were written by both the testatrix and petitioner, and the signature element usually did not carry any name or initials other than the words 'Blank Drug Store'; . . .

"20. That the testatrix, Louise Blank, meant and intended to, and did use the word 'including', as it appears in paragraph 4 of her last will and testament, as a term of enlargement and not of limitation, and did not intend to use such word as a term of restriction or enumeration."

"CONCLUSIONS OF LAW

"1. That from the words of the Last Will and Testament, its language, provisions, and all parts thereof, and from the condition, nature and extent of the testatrix's property, and her relations to her family and to the various beneficiaries named in the will, and from the situation of the testatrix at the time the will was executed, the nature of her business, the extent of her property and the various bequests and dispositions made of her property by said last will and testament, the Court concludes that it was the intention of the testatrix, by her last will and testament, that the bank account carried in the name of the 'Blank Drug Store' should remain a part of the Blank Drug Store and belong to Merrill Blank, petitioner, as income therefrom and an asset of said store, and included as a part of the testatrix's right, title and interest in and to her drug store, and that petitioner, Merrill Blank, is entitled to all of said bank account in the amount of $9,442.69."

In giving consideration to what we have heretofore indicated is the crucial question here involved we find, and the parties cite, no cases from this jurisdiction which can be regarded as controlling precedents under the existing facts and circumstances. Nor do the parties cite or rely upon decisions of that character from foreign

jurisdictions. Notwithstanding, we have made an independent and extended examination of such authorities and have found a few decisions which, since they deal with similar wills and legal questions, we believe can be regarded as sound and controlling precedents.

See *Murphy v. Murphy*, 118 N. J. Eq. 108, 177 A. 682, affirmed in 119 N. J. Eq. 83, 180 A. 829, where it is held:

"In construing a will, it is the prime duty of the court to arrive at the intention of the testator which must be determined not by fixing the attention on single words in the will but by considering the entire will and the surroundings of the testator when he executed the same, and by ascribing to him, so far as his language permits, the common impulses of our nature.

"The words in the will of John Henry Murphy, 'I hereby give and bequeath my printing business and the machinery and plant and stock in trade, good will and fixtures' pass and include the money on deposit in the bank account used in connection with said business, and also the accounts receivable, less the accounts payable." ( Syl. ¶¶ 1 & 2. )

And in the opinion said:

"Considering the language of the provision in the will, the testator first bequeaths 'my printing business' in what is a broad bequest, to which he adds 'and the machinery and plant and stock in trade, good will and fixtures.' These are not words of restriction, but specify some of the chief tangible property in the plant. He bequeaths his printing business, together with the good will. He intended not to cut down the bequest but to make clear that in addition to the business in its entirely, these principal items, physically in the plant, should unmistakably pass with the business. The intention of the testator in this, as in every other case of like nature, must be drawn from the language used in the will, viewed in the light which the situation and surroundings connected with the property may shed upon it." (pp. 113, 114.)

See, also, *In re Lowe*, 134 N. Y. S. 537, affirmed in 206 N. Y. 671, 99 N. E. 722, which holds:

"Where a testatrix devised and bequeathed to her daughter her 'printing office and bindery, together with all the presses, bindery machinery, type, paper on hand, office furniture and equipment of every nature connected with said business,' the naming of the particular physical items of the plant was not a restriction, but the words are merely of specification, and would not qualify the clearly expressed intention of the testatrix to pass the entire business, just as she had regarded it and treated it in her lifetime, so that the moneys on hand and accounts receivable passed to her daughter, rather than to the residuary legatees under the will." (Syl. ¶ 3.)

And see *Chavis v. Myrick*, 190 Va. 875, 58 S. E. 2d. 881, where it is held:

"By will of plaintiff's testator, defendant was given a one-half interest 'in our business, and real and personal property, "Morning Glory Funeral Home,"

. . . in fee simple'. Plaintiff contended that under this clause defendant did not take certain money in bank to the credit of the funeral home, but the words of the clause plainly embraced testator's interest in all that belonged or pertained to the home as a going business. Testator's interest in the money came from his interest in the business of which it was a part, and the gift of his whole interest necessarily included the money." (Syl. ¶ 2.)

For other decisions of like import see *Coyle v. Donaldson,* 91 N. J. Eq. 138, 108 A. 308; *In re Whitford's Estate,* 262 N.Y.S. 452; *Van Buren v. Plainfield Trust Co.,* 130 N. J. Eq. 244, 22 A. 2d 189.

Based upon the foregoing decisions we have little difficulty in concluding the trial court's construction of the will of Louise Blank, as set forth in its heretofore quoted conclusion of law, was proper and that its subsequent judgment rendered in accord with such conclusion must be upheld.

Finally it should be stated that, under the rule announced in *In re Estate of Schnack,* Syl. ¶¶ 3 and 4, *supra,* and the facts and circumstances of the case at bar, we have rejected, not overlooked, claims of error made by appellants to the effect (1) the evidence presented by Merrill Blank was insufficient to prove any issue in the case; (2) the trial court erred in admitting evidence of Blank's relationship with decedent, his salary and hours of work; and (3) such court erred in admitting evidence as to the use of the Blank Drug Store bank account. Moreover, if any evidence of the character complained of was improperly admitted, appellants have failed to make it affirmatively appear its admission prejudicially affected their substantial rights and we believe it appears upon the whole record that substantial justice has been done by the judgment of the trial court. Under such circumstances error, if any, in the admission of the evidence complained of is to be considered as technical in nature and must be disregarded (G. S. 1949, 60-3317).

The judgment is affirmed.

PRICE, J., dissenting: Due to the fact I think the ultimate disposition of this case results in substantial justice, I regret my inability to concur in the decision of the court. The rule is well stated in *In re Estate of Reynolds,* 173 Kan. 102, 244 P. 2d 234, in which it was held that when the language used in the making of a will is clear and unambiguous a construction of the will is unnecessary and it must be enforced in accord with its terms and provisions. Paragraph V of the will before us reads:

"I give, bequeath and devise to Merrill Blank of Altamont, Kansas, all my right, title and interest in and to my drug store located in Altamont including

Fixtures, merchandise and stock and accounts receivable owed to said store subject to the said Merrill Blank paying all outstanding debts and accounts owed by the store as of the date of my death. It is my will and desire that said Executor immediately deliver possession of said drug store to Merrill Blank and that said store and the income therefrom shall not be administered in my estate but the same shall belong exclusively to Merrill Blank."

I see no ambiguity or uncertainty in those provisions. Testatrix, in plain and understandable words, simply bequeathed and devised to Merrill all of her right, title and interest in and to the *drug store,* including *fixtures, merchandise, stock* and *accounts receivable* owed to the store, subject to Merrill paying the outstanding debts and accounts owed by the store as of the date of her death. As applied to a business such as this the words "accounts receivable" have a well-defined and commonly-understood meaning— money owed to the store by customers for merchandise purchased on credit.

The will, and particularly paragraph IV thereof, being clear and unambiguous, should be enforced in accord with its terms and provisions, and there was no occasion for resort to extrinsic evidence to ascertain the intention of testatrix.

I therefore respectfully dissent.