No. 41,692

In the Matter of the Estate of John A. Gant, Deceased. PEGGY JEAN LOWRY and ROSA L. GANT, *Appellants*, v. STELLA SAGERTY, *Appellee.*

(352 P. 2d 18)

Opinion filed May 14, 1960.

*Frank W. Hylton,* of Wichita, argued the cause, and *Dale Kidwell, George W. Ball, Jack H. Greene, Kenneth M. Nohe, Robert Hall, Payne H. Ratner, Louise Mattox, Payne H. Ratner, Jr., Cliff W. Ratner, Gerald D. Lasswell, Edmund R. Learned, James R. Barr* and *R. R. Barnes,* were with him on the brief for the appellants.

*Clarence R. Sowers,* of Wichita, argued the cause, and *John W. Sowers,* of Wichita, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: Involved in this appeal is the construction of a last will and testament, which, omitting the attestation clause and signatures, reads:

"I, John A. Gant, residing in Wichita, Sedgwick County, Kansas, being of sound mind and disposing memory, do hereby make, declare and publish this to be my Last Will and Testament, hereby revoking any and all Wills by me heretofore made.

### I.

"I direct that all my just debts be paid by my Executor as soon as the same can be conveniently done.

## II.

"I give, devise and bequeath to my wife, Lorene Gant, an undivided one-half interest in all of my property, both real and personal.

## III.

"I give, devise and bequeath to my daughter, Peggy Jean, the sum of Twenty-five ($25.00) Dollars. I am not unmindful of the way my daughter has ignored me and has never treated me with respect.

## IV.

"I have a savings account in the East Side State Bank of Wichita, and have just recently signed a card with my mother, Hattie Gant, giving her authority, in case of necessity, to withdraw the money from this account for her own use and benefit.

## V.

"Any personal property which I own may be sold for cash in order to make proper division for those to whom I have made bequests, or it can be divided equally between my former wife and my present wife, as they may choose.

## VI.

"In making division of my real estate equally to my present wife, Lorene Gant, and to Stella Sagerty, any agreement made between the two will be permissible.

## VII.

"I hereby appoint John A. Porter, of the Porter Mortgage Company, Executor of this my Last Will and Testament, he to have full power to sell, mortgage or lease any of my property, both real and personal of which I die seized, without the intervention of the Probate Court.

"IN WITNESS WHEREOF, I have executed this, my Last Will and Testament on this 5th day of December, 1957.

"/s/ JOHN A. GANT, Testator"

The testator, John A. Gant, had been married three times.

His first wife was Leota Wheeler Gant. This marriage ended in divorce and Leota makes no claim against his estate and is not a party to this litigation.

His second wife was Stella Sagerty (hereafter referred to as Stella), who is mentioned in paragraph VI of the will. This marriage likewise ended in divorce, on April 20, 1956.

His third wife was Rosa Lorene Gant, to whom he was married on December 24, 1956. She, Lorene Gant, who is mentioned in paragraphs II and VI of the will, and Rosa L. Gant, one of the appellants herein, are one and the same person. For convenience and to avoid confusion, she hereafter will be referred to as Lorene.

The testator (hereafter referred to as John) died on January 8, 1958. He left surviving him as his heirs-at-law his widow, Lorene,

and Peggy Jean Lowry, a daughter by his first marriage, and who also is an appellant.

At the outset it should be stated that the only dispute in this case concerns paragraph VI of the will. Lorene and the daughter contend that such provision is ineffectual to devise an undivided one-half interest in the real estate to Stella, and that as to such undivided one-half interest John died intestate, thus entitling them to inherit such interest as his heirs-at-law.

Stella, on the other hand, contends that paragraph VI devises to her an undivided one-half interest in the real estate, with the further proviso that she and Lorene can divide the real estate in like and kind as they may see fit.

In the trial court Lorene and the daughter contended that the will was not ambiguous and therefore extrinsic evidence was inadmissible. This objection was overruled, and the following is a brief summary of evidence admitted:

The witnesses to the will were Una Johnson and Clarence M. Bateman. Una testified that she was a resident of Wichita and acquainted with John during his lifetime. On the morning of December 5, 1957, the date of the will, John came to her home accompanied by Bateman. John requested that they witness his will, which they did. Shortly thereafter, while John was driving Una to town he made the statement, "I have made out the will, and in making the will I have left Stella all I could."

Bateman testified that he was a resident of Wichita and had known John for fifteen years. On the morning of December 5, 1957, John borrowed Stella's car and asked Bateman to go with him. They drove to Una Johnson's home where, at John's request, he and Una witnessed John's will. Immediately after this was done John remarked that "he wanted to give Stella all of the property that he could, and that he would give her more but he couldn't."

Stella testified that she resided in Wichita; that she was a former wife of John; that she did not know that John had made a will and didn't know anything about it. She further testified that for about six months prior to his death John had lived at her house, ate his meals there, and that she had done his laundry. She further testified concerning the property settlement made in connection with her divorce from John, and from such settlement, attached as an exhibit, it appears that as of the date of John's death she and he

were still mutually interested in at least one piece of real estate involved in the settlement.

The record also discloses that in June, 1957, John filed a divorce action against Lorene in the district court of Sedgwick county, and that said action was pending and undetermined at the time of his death.

At the conclusion of the hearing the court held that the attempted disposition of personal property under paragraph V of the will must fail, and that as to such personal property, after deducting the specific bequest of $25 to the daughter, John died intestate.

With respect to paragraph VI of the will the court found that it was John's intention to devise an undivided one-half interest in his real estate to Stella.

In other words, under the trial court's findings and judgment Lorene and Stella are each entitled to an undivided one-half interest in the real estate. As to the personal property, Lorene, under paragraph II of the will, is entitled to an undivided one-half interest therein, and under paragraph III the daughter is entitled to the bequest of $25. As to the remaining personalty Lorene and the daughter are entitled to inherit as heirs-at-law under the law of intestate succession.

Lorene and the daughter, contending that Stella takes nothing under the will and that John thus died intestate as to an undivided one-half interest in his real estate, have appealed.

As heretofore stated, the only dispute between Lorene and the daughter, on the one hand, and Stella, on the other, concerns paragraph VI of the will, and so the matter narrows down to the question whether by this will, and particularly paragraph VI thereof, Stella was devised an undivided one-half interest in the real estate owned by John at the time of his death.

In support of their position Lorene and the daughter contend the language used in paragraph VI is purely precatory in nature rather than dispository (*In re Estate of Cribbs*, 180 Kan. 840, 308 P. 2d 111); that the will is not ambiguous and therefore extrinsic evidence was erroneously admitted (*Alexander v. Goellert*, 153 Kan. 202, 109 P. 2d 146; *In re Estate of Schnack*, 155 Kan. 861, 130 P. 2d 591; *In re Estate of Blank*, 182 Kan. 426, 320 P. 2d 775); that courts have no power to reform or reconstruct a will (*In re Estate of Hill*, 162 Kan. 385, 176 P. 2d 515; *In re Estate of Dees*, 180 Kan. 772, 308 P.

2d 90), and in this connection call attention to the fact that in paragraphs II and III the words "give, devise and bequeath" are used, whereas paragraph VI merely uses the phrase "in making division of my real estate equally . . ."

Relying upon the general principles relating to the construction of wills (*In re Estate of Freshour*, 185 Kan. 434, 345 P. 2d 689), Stella, in support of the trial court's ruling, contends the will is not ambiguous, but that if it be deemed to be ambiguous then the court did not err in receiving evidence to show the situation and surrounding circumstances of John at the time he made his will, and that such evidence in no sense of the word tended to change, reconstruct or reform the will in any respect.

Conceding that the same might be said concerning his personal property, it nevertheless appears to be clear that John, by virtue of paragraph II of his will, intended that Lorene should receive no more of his real estate than an undivided one-half interest therein. It also appears to be clear that he, by virtue of paragraph III, intended that the daughter should take no part of his real estate. Despite some ineffectual language found in other parts of the will, we think that when considered from its four corners there are sound grounds for holding this will to be unambiguous, and that paragraph VI thereof devises an undivided one-half interest in the real estate to Stella.

On the other hand, if the will be considered to be ambiguous—thus permitting the introduction of extrinsic evidence to show the situation and surrounding circumstances of the testator at the time he made the will—then certainly it cannot be said the evidence so introduced did in any respect change or reform the terms of the will. The evidence related to statements made by John concerning the devise to Stella, to the divorce action pending against Lorene, to his relationship with Stella existing for some time prior to the time he made the will, and to the status of his real estate resulting from the property settlement had in the divorce action between Stella and him. None of this evidence tended in any way to change or reform the will, and it cannot be said that the court rewrote the will based on such evidence.

And so, under either theory, it must be held that the trial court reached a correct ultimate conclusion in the case.

We have no quarrel with any of the authorities relied on by ap-

pellants Lorene and the daughter, for they contain correct statements of rules applicable to the facts and questions respectively there involved. All contentions and arguments have been carefully considered, but, having concluded that the trial court reached a correct decision, and no prejudicial error being shown, the judgment is affirmed.