No. 42,392

In re Estate of Charles W. Jones, Deceased. (DAVID W. JONES and MAXINE E. JOHNSON, *Appellants,* v. LLOYD C. BLOOMER, Administrator, C. T. A. of the Estate of Charles W. Jones, Deceased; BESSIE E. JONES and WILBUR SHERBONDY, *Appellees.*)

(366 P. 2d 792)

Opinion filed December 9, 1961.

*Richard M. Driscoll,* of Russell, argued the cause, and *Jerry E. Driscoll,* of Russell, was with him on the briefs for the appellants.

*Robert Osborn,* of Stockton, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

ROBB, J.: This action was commenced in the probate court of Osborne county on June 30, 1959, by petition filed by Bessie E. Jones for probate of an instrument denominated the joint last will and testament of Charles W. Jones and Bessie E. Jones, which reads:

"We, Charles W. Jones, and Bessie E. Jones, husband and wife, of sound mind and memory, do hereby make and declare this to be a joint and Last Will and Testament, and we hereby revoke any and all other wills that may have been made by us prior to this date, September 21-1948.

"First at our deaths we wish all of our lawful debts paid from any property possessed by the survivor.

"Second, at the death of either of the testators herein named, all property possessed by the deceased shall and is hereby bequeathed to the survivor, absolutely and without reservations, and at the death of the survivor, it is the will and wish of both testators herein that all property thus possessed shall then be divided equally between our three children or their heirs, as follows: Wilbur Sherbondy, David W. Jones, and Maxine E. Johnson.

"In testimony hereof we have hereunto subscribed our names this the TWENTY-FIRST DAY of SEPTEMBER, A. D. 1948, in the presence of the attesting

witnesses who saw us subscribe our names hereto and they have signed as witnesses in our presence and in the presence of each other, the year and day above written."

The petition showed the death of Charles had occurred on June 4, 1959, and asked for appointment of Lloyd C. Bloomer as administrator C. T. A. On July 31, 1959, the probate court admitted the will to probate and appointed Bloomer administrator C. T. A. thereof but limited the will to personal property. Bond was set in the amount of $6,500.00. Inventory and appraisal of both real and personal property of Charles was filed by Bloomer on August 7, 1959.

On August 27, 1959, Maxine E. Johnson and David W. Jones, children of Charles by a prior marriage, perfected their appeal to the Osborne district court where, on June 27, 1960, the district court found, from the evidence of Bessie and from that of the only surviving attestation witness to the will, that the will was the valid and joint last will and testament of Charles and Bessie and had been properly admitted to probate; that Bloomer was a fit and proper person to be appointed administrator C. T. A., and remanded the estate to the probate court for completion of administration thereof, which in effect ordered probation of the will without limitation as to the property to be administered.

Bloomer filed a petition for construction of the will and for final settlement on August 13, 1960. On September 10, 1960, David and Maxine filed their answer, objections and defenses thereto and the issues were thus joined as follows:

1. Did the will cover both real and personal property?
2. What estates did the will give to Bessie, to Wilbur Sherbondy, decedent's stepson, and to David and Maxine, his son and daughter?

David and Maxine also filed a petition for transfer to the district court on September 10, 1960, which request was consented to by Bloomer and his counsel on September 12, 1960.

Trial was had on September 30, 1960, and the court in its journal entry of judgment dated November 18, 1960, made findings of fact and conclusions of law. The findings repeated substantially the facts referred to herein. The trial court made two conclusions of law but we are here concerned only with No. 1 which reads:

"The court concludes as a matter of law that the will of Charles W. Jones, deceased, gave to the survivor, Bessie E. Jones, the fee in all the property of Charles W. Jones, with absolute power of disposition. The limitation or devise over to the children of Charles W. Jones and Bessie E. Jones is effective

as her will, to such of the property not disposed of by will or otherwise at her death."

Following the conclusions of law, the trial court made further findings as to amounts allowable as reasonable attorney fees in this case. Such fees were allowed and no objection is here made thereto. The trial court further ruled as a matter of law that Bloomer should deliver the balance of the personal property in the estate to Bessie and that the real estate be assigned to her *"subject to any lawful disposition thereof heretofore made."*

Motion for new trial was filed but according to our long established rule in cases where an action is submitted to the trial court for judgment upon a record from a lower court, such motion is neither necessary, proper or essential (*In re Estate of Weidman,* 181 Kan. 718, 723, 314 P. 2d 327, and cases cited therein) and, therefore, the ruling on that motion will not be treated. Maxine and David thereafter perfected their timely appeal to this court.

The parties agree the sole question to be determined on appellate review, under the instrument thus far denominated the joint last will and testament of Charles and Bessie, is the interest Bessie received in the property, real, personal, and mixed, at the death of Charles.

We shall approach the problem in the same manner the parties treated it in their briefs. First, we are called upon to construe the intention of the testators at the time they made the instant will. More than a cursory reading of any written instrument is necessary to reveal the meaning of the words therein contained and this is especially true with a will because the testator is not here to testify directly as to what he intended by the words he used. Both parties in this litigation set out the rule that in construing a will the court must put itself as nearly as possible in the situation of the testator at the time he made his will and from a consideration of that situation and of all the language used in the entire will, the court must determine the intention the testator had in making such will whereby his property, real, personal, or mixed is to be conveyed at his death according to his desires so long as those desires are legal. (*Brown v. Brown,* 101 Kan. 335, syl. ¶ 1, 166 Pac. 499; *In re Estate of Hauck,* 170 Kan. 116, syl. ¶ 3, 223 P. 2d 707; *Beall v. Hardie,* 177 Kan. 353, 356, 279 P. 2d 276.)

Here we have a husband and wife, Charles and Bessie, who owned, in joint tenancy, real estate and some personal property including household furnishings and effects, cash, government

bonds, etc. The testators had three adult children by prior marriages. They properly executed their joint last will and testament, as heretofore set out. *The second provision of the will is the portion* that created the problem which confronted the trial court and is the one now before us on appeal.

We recognize that counsel for both parties have cited authorities in this jurisdiction which state rules of law applicable in those particular cases but in each one of them the instrument involved is distinguishable from our present one by the language used therein and consequently, the conclusions reached are not decisive of our present question. As an example, the portion of the will considered in *Sharpe v. Sharpe,* 164 Kan. 484, 190 P. 2d 344, read as follows:

"I give, devise and bequeath to my wife, Birdie, all of my property, real, personal, or mixed, wherever the same may be situated and after her death any remaining property of my estate is to be divided equal between my children who are as follows: [naming them]. . . ." (p. 484.)

This provision is somewhat similar but not identical with the words in the second provision of our present will. The court in the Sharpe case held that a life estate was created in the widow *with power of disposition during her lifetime* because that will was only a joint will. The discussion in that case and the authorities cited are quite persuasive but we cannot say they are conclusive herein for the reason the parties here provided for their children by prior marriages, determining the amount to each and naming them.

The more recent case of *In re Estate of Weidman,* 181 Kan. 718, 314 P. 2d 327, was concerned with the construction of the will of Fred Weidman and Julia Mannel Weidman, husband and wife, declared to be their "last will and testament." The will, in substance, provided that Fred and Julia gave, devised and bequeathed to their brothers and sisters the balance of their property at the time of their death, one half to Julia's heirs and one half to Fred's heirs, naming them. No particular designation was made that this was a joint will but from the very terms thereof, it was determined to be contractual in nature and to be the joint and mutual will of Fred and Julia (p. 726) and such determination was amply supported by a thorough discussion and citation of authority. Because of the wording of the will, Julia, the survivor, took a life estate *without power of disposition.* The reason for this conclusion was that the parties had stated in their joint, mutual, and contractual will that the property owned by both at the time of

the death of whoever died first was to be equally divided, one half to the Mannel heirs and one half to the Weidman heirs. The difference between the Weidman will and our present one is quite apparent. Julia could not dispose of any property even for her own necessities during her lifetime, but let us examine the provision as to the survivor (here Bessie) in our case. In pertinent part the provision reads:

". . . at the death of either of the testators herein named, *all property possessed* by the deceased shall and is hereby bequeathed to the survivor, absolutely and without reservations, *and* at the death of the survivor, it is the will and wish of both testators herein that *all property thus possessed* shall *then* be divided equally between our three children or their heirs, . . ." (Our emphasis.)

Following fundamental rules of English construction, the above use of two independent statements, joined by the co-ordinate conjunction *and* resulted in a compound sentence, and the use of the words *thus possessed* in the second independent statement gave Bessie the power of disposition so long as the interests of Maxine, David, and Wilbur in the remaining property left at Bessie's death were not changed. In other words, the remaining property at Bessie's death would pass to Maxine, David, and Wilbur share and share alike.

Another joint, mutual, and contractual will was considered in *In re Estate of Buckner,* 186 Kan. 176, 348 P. 2d 818, where the surviving husband attempted to give to his relatives the half interest in the residue of the estate set apart to the wife's relatives under the contractual terms of their will. It was held the husband could not in such manner defeat the contractual terms of the will which were clear, definite and unambiguous by making the attempted gifts that were without consideration. See general rules of construction and authorities cited in the Buckner case, as well as the discussion included in the earlier case of *Berry v. Berry,* 168 Kan. 253, 212 P. 2d 283.

From the foregoing authorities it is clear the trial court erred in determining this will was such a joint will that it gave Bessie full power to dispose of the property covered thereunder at her death in a manner contrary to the terms of the will. Furthermore, its decision likewise gave Bessie, during her lifetime, the power to give the property to her child alone and thus cut off the two children of Charles. This determination is manifestly not correct and we are compelled to say the trial court was incorrect in ruling that

Bessie took a fee simple title to the property upon the death of Charles and such judgment cannot stand.

Under the terms of the will before us, and the authorities discussed, no question remains but that this will is clear, definite, and unambiguous and we need, therefore, not go into other rules of construction to determine the intention of the testators. (*In re Estate of Hauck*, supra; *Johnston v. Gibson*, 184 Kan. 109, Syl. ¶ 3, 334 P. 2d 348.) Bessie received a life estate with power of disposal for necessities and at her death the remaining property is to be divided among the three children of Charles and Bessie share and share alike, under the terms of their joint, mutual, and contractual will.

Reversed with directions to the trial court to enter judgment in accordance with the views expressed herein.