No. 45,543

In the Matter of the Trust Estate of August Anderson, Deceased. M. BARBARA ANDERSON, Mother and Sole Heir of Norman August Anderson, Deceased, and Administratrix of the Estate of Norman August Anderson, Deceased, *Appellant*, v. McPHERSON & CITIZENS STATE BANK, Trustee; LILLIAN CHINDBERG, MARION ANDERSON, ELVERA M. BIGGS, ELMER C. EKHOLM and LELAND EKHOLM, Residuary Beneficiaries, *Appellees*.

(457 P. 2d 67)

Opinion filed July 17, 1969.

*Dick R. Jones,* of McPherson, argued the cause and *John K. Bremyer,* of McPherson, was with him on the brief for the appellant.

*H. W. Hopp,* of McPherson, argued the cause, and *George R. Lehmberg* and *Robert W. Wise,* both of McPherson, were with him on the brief for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This was an action by the trustee under a will to have the instrument construed because of conflicting claims of various parties.

August Anderson died February 3, 1941, leaving a last will and testament dated February 23, 1939. There were certain codicils which need not be considered. The will was duly admitted to probate March 6, 1941, by the probate court of McPherson County, Kansas.

We summarize the will except for those matters that are before us for consideration.

Paragraph 1 of the will contained the usual provision for payment of debts, and last illness and hospital expenses.

Paragraph 2 provided:

"I give, bequeath and devise to Arthur A. Anderson and The McPherson & Citizens State Bank, of McPherson, Kansas, a corporation, as Trustees, all of the following described real estate, situated in the County of McPherson, and State of Kansas, to-wit:

"The Northeast Quarter (NE/4) and the North Half (N/2) of the Southeast Quarter (SE/4) of Section Nine (9), Township Twenty (20) South, Range Five (5) West of the Sixth Principal Meridian; in trust, upon the following terms and no others, to-wit: [These were set out in Paragraphs (a), (b), (c) and (d).]"

Subparagraph (a) directed the trustee should have full management and control of the real estate exercising all of the rights of ownership.

Subparagraph (b) provided:

"I direct that my said Trustees shall annually pay over the net income of said trust estate to my son, Willard D. Anderson, during his life time, and after his death in equal shares to his surviving children born in lawful wedlock, and the living issue, if any, of any such prior deceased children in accordance with the statute of descent, until the youngest of his said children reaches the age of twenty-one years."

Subparagraph (c) provided in part:

"I direct that no title or interest in the property of this trust estate, or in the income accruing therefrom, shall vest in any beneficiary of this trust during the continuance of the trust; nor shall any beneficiary acquire any right in or title to any of the net income otherwise than by and through the actual payment of such income by the Trustees hereunder, and the receipt thereof by the beneficiary in each case; . . ."

Subparagraph (d) provided in the first sentence for the disposition of the real estate in case the son, Willard D. Anderson, died without leaving surviving children born in lawful wedlock or the living issue of any such prior deceased children and then provided further in the second sentence as follows:

". . . And in the event that my said son, Willard D. Anderson, leaves surviving children born in lawful wedlock, or the living issue of any such prior deceased children, then this trust shall continue until the youngest of his said children reaches the age of twenty-one years, and thereupon this trust shall immediately cease and determine, and I give, bequeath and devise and direct my said Trustees to assign, transfer and convey said trust property in equal shares to such surviving children born in lawful wedlock, and the living issue,

if any, of any such prior deceased children in accordance with the statute of descent, to have and to hold in fee simple forever."

Paragraphs 3, 4, 5 and 6 of the will made separate bequests which are not material to the issue before us.

Paragraph 7, the residuary clause, reads:

"I give and bequeath all of the rest, residue and remainder of my property and estate to Lillian Anderson and Marion Anderson, being the two children of my niece, Minnie A. Anderson, and to Elvera M. Ekholm, Elmer C. Ekholm, and Leland L. Ekholm, being the children of my deceased niece, Mary Ekholm, share and share alike."

The balance of the will provided for the appointment of a trustee and other provisions not material here.

For convenience we note here that the will was executed February 23, 1939, the testator died February 3, 1941, a grandson, Norman August Anderson, was born March 24, 1948, the testator's son, Willard D. Anderson, died January 16, 1954, and Willard's son, the testator's grandson, Norman August Anderson, died October 23, 1965, at the age of seventeen.

The appellant, M. Barbara Anderson, mother and sole heir of Norman August Anderson, contended before the district court where the case was transferred for determination, and contends in this court on appeal, that subparagraphs (c) and (d) of paragraph 2 of the will are in direct conflict creating an ambiguity and that subparagraph (d) should be construed as vesting fee title in Norman August Anderson when he survived his father.

The trial court concluded:

"'3. That paragraphs 2 (c) and 2 (d) of the last will and testament of August Anderson, deceased, clearly and unequivocally express August Anderson's intention that title to the trust corpus and accrued but unpaid income should not vest in Norman August Anderson (being the only surviving child of Willard D. Anderson) until he reaches the age of 21, and since the language contained in the will is clear, the same must be followed without necessity of employing rules of construction.

"4. That upon looking at all four corners of the will of August Anderson, it is clear that the intention of the testator, August Anderson, was:

"(a) To vest title solely in the trustee during the trust;

"(b) To create a contingent interest in the trust property in Norman August Anderson until he reached 21 years of age and not to create a vested interest in Norman August Anderson;

"(c) To ultimately vest title in the blood line of the testator, August Anderson, at the termination of the trust by conveyance and transfer from the trustee."

The trial court further concluded that since all beneficiaries under the trust had become extinct on the death of Norman, the trust lapsed and the corpus should be distributed to the residuary legatees.

M. Barbara Anderson, mother and sole heir of Norman August Anderson, the deceased grandson of the testator, has appealed.

The specific contention of the appellant may be simplified. She contends that the will contains no specific provision as to where the corpus of the trust would go if a living child of Willard D. Anderson did not reach the age of 21, but that subparagraphs 2 (c) and 2 (d) which touch on the subject are in direct conflict rendering the language of the will ambiguous and requiring construction. Appellant then contends that under the proper construction of the will Norman took a vested remainder in the real estate placed in trust on the death of his father, Willard D. Anderson, with the right of possession postponed until he reached the age of 21 years.

The first responsibility of a court when the meaning of the language in a will is challenged is to determine from the consideration of all the language whether or not a conflict or ambiguity exists. If no ambiguity exists there is nothing to construe and the will must be enforced in accordance with its terms and provisions. In *In re Estate of Miller*, 186 Kan. 87, 348 P. 2d 1033, we stated at page 90 of the opinion:

"Where a court, either trial or appellate, is called upon to determine the force and effect to be given the terms of a will, its first duty is to survey the instrument in its entirety and ascertain whether its language is so indefinite and uncertain as to require the employment of rules of judicial construction to determine its force and effect. This court has long been committed to the rule that where from an analysis of the entire instrument no ambiguity or uncertainty is to be found in its language, the intention of the testator being clearly and unequivocally expressed, there is no occasion to employ rules of judicial construction and the will must be enforced in accordance with its terms and provisions. (*Johnston v. Gibson*, 184 Kan. 109, 113, 334 P. 2d 348; *In re Estate of Freshour*, 185 Kan. 434, 345 P. 2d 689; and authorities cited in the foregoing cases.)"

The appellant calls our attention to numerous rules of construction in support of her claim of vested remainder. It will suffice to state that a court must determine the intention of a testator when clearly and unequivocally expressed, without resort to rules of judicial construction applicable to the interpretation of an instrument which is uncertain, indefinite and ambiguous in its terms. (*In re Estate of Porter*, 164 Kan. 92, 100, 187 P. 2d 520; for recent

cases stating that rules of construction are inapplicable where terms of will are explicit, see, *In re Estate of Reynolds,* 173 Kan. 102, 244 P. 2d 234; *In re Estate of Woods,* 181 Kan. 271, 311 P. 2d 359; *In re Estate of Blank,* 182 Kan. 426, 320 P. 2d 775; *Johnston v. Gibson,* 184 Kan. 109, 334 P. 2d 348; *In re Estate of Freshour,* 185 Kan. 434, 345 P. 2d 689; *In re Estate of Taylor,* 185 Kan. 523, 345 P. 2d 1028; *In re Estate of Jones,* 189 Kan. 34, 366 P. 2d 792; *Parsons v. Smith, Trustee,* 190 Kan. 569, 376 P. 2d 899.)

The trial court found that "since the language contained in the will is clear, the same must be followed without the necessity of employing rules of construction." We are forced to agree with the conclusion of the trial court.

The pertinent part of subparagraph 2 (*c*) reads:

"I direct that no title or interest in the property of this trust estate, or in the income accruing therefrom, shall vest in any beneficiary of this trust during the continuance of this trust; . . ."

This language is clearly and unequivocally expressed. The corpus would not vest while the trust continued. The first clause of the last sentence of subparagraph 2 (*d*) states how long the trust will continue—

". . . And in the event that my said son, Willard D. Anderson, leaves surviving children born in lawful wedlock, or the living issue of any such prior deceased children, then this trust shall continue until the youngest of his said children reaches the age of twenty-one years, . . ."

The last clause of the last sentence of subparagraph 2 (*d*) provides for the determination of the trust when the living issue of Willard reaches the age of 21 and how the determination will be accomplished—

". . . and thereupon this trust shall immediately cease and determine, and I give, bequeath and devise and direct my said Trustees to assign, transfer and convey said trust property in equal shares to such surviving children born in lawful wedlock, and the living issue, if any, of any such prior deceased children in accordance with the statute of descent, to have and to hold in fee simple forever."

We are unable to find any inconsistency in the language used in subparagraphs 2 (*c*) and 2 (*d*) of the will.

The corpus of the trust was not to vest until the youngest child of Willard D. Anderson reached the age of twenty-one years. The only child died at the age of seventeen, hence the title to the real estate never vested under the terms of the trust.

It necessarily follows that we agree with the conclusions of the trial judge as heretofore stated and with his disposition of the controversy.

The judgment is affirmed.

APPROVED BY THE COURT.